Filed April 12, 1895.

* * *

No. 16,995.

THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* SULLIVAN.

PRINCIPAL AND AGENT.—*Liability of Principal for Willful Act of Agent.* —A corporation is liable for the acts of its agent performed while engaged in the discharge of duties within the general scope of his agency, although the particular act was willful, and was not directly authorized.

CORPORATION.—*Liability for Servant's Wrongful Act.*—A corporation entrusting a general duty to its agent is responsible to an injured person for damages flowing from the agent's wrongful act done in the course of his general authority, although in doing the particular act such agent may have failed in his duty to his principal and disobeyed its instructions.

PLEADING.—*Theory of Complaint, Which Theory Prevails.*—A complaint must be construed upon the theory which is most apparent and clearly outlined by the facts stated in it.

RAILROAD.—*Surgeon, Company not Obliged to Furnish.*—*Amputation of Arm Without Servant's Consent, Liability of Company.*—A railroad company is under no general legal obligation to provide surgical aid for its injured servants; and if it does so gratuitously, and the

surgeon amputates a limb of the injured servant, against his consent and express command, the company will not be liable in damages to the servant for the amputation.

SAME.—*Duty to Servant Voluntarily Assumed.—Liability of Company.—Selection of Physician.—Degree of Care in Making Selection.*—Where a railroad company voluntarily assumes to employ a physician for its servants, and employs a competent physician, it will not be liable for such physician's negligence or tortious acts in the treatment of its servants by him. So when a corporation voluntarily assumes to perform certain acts for its servants, it is only bound to exercise reasonable care and diligence in making the selection of a person to perform them, and it is not required to select a person of the highest skill and longest experience in the performance of such acts.

From the Cass Circuit Court.

*N. O. Ross, G. W. Funk* and *B. C. Moon,* for appellant.
*D. H. Chase,* for appellee.

JORDAN, J. — The appellee brought this action to recover damages against the appellant (a railroad corporation engaged in the business of a common carrier) for "unlawfully, wrongfully and unnecessarily amputating appellee's right arm."

The principal errors assigned in this court are:

First. Overruling demurrer to complaint.

Second. Sustaining demurrer to second paragraph of answer.

Third. Overruling a motion for judgment in favor of appellant upon the special verdict of the jury.

The complaint, *inter alia,* alleges: "That on November 21st, 1891, the appellee was a servant of appellant, engaged as a brakeman; that while at the station of Red Key, in Jay county, Indiana, in making a coupling, his right arm was accidently caught, crushed and injured; that immediately after plaintiff's said injuries he was taken by the servants of said defendant to the office of one Dr. G. W. Fertich, being then and there one of a number of physicians employed by the defendant to

render medical and surgical assistance to the servants and employes of said defendant while engaged in their respective duties as such employes and servants; that immediately after plaintiff's arrival at said Dr. G. W. Fertich's office for medical and surgical treatment, said G. W. Fertich proposed to give the plaintiff chloroform in order to render plaintiff insensible to and unconscious of pain while his said hurts and injuries were being examined and treated; that before plaintiff consented to take said chloroform, he informed said Dr. G. W. Fertich that he would not take chloroform unless he, said Dr. G. W. Fertich, would promise plaintiff that his arm should not be amputated while he was under the influence of chloroform and insensible and unconscious therefrom; that thereupon said Dr. G. W. Fertich promised plaintiff that he would not amputate and cut off plaintiff's injured arm, and plaintiff, relying on such promise, consented to, and did then and there take chloroform, and became then and there unconscious and helpless from the effects thereof, said chloroform being then and there administered to plaintiff, by the order and direction of said Dr. G. W. Fertich, by his assistant, one Dr. Shepherd; that while plaintiff was then and there insensible, unconscious and helpless from the effects of said chloroform, the said Dr. G. W. Fertich did then and there wrongfully, unlawfully and unnecessarily cut off the plaintiff's right arm about six inches above the elbow; that by reason of the unlawful, unnecessary and wrongful act of said Dr. G. W. Fertich, in amputating and cutting off plaintiff's right arm as aforesaid, plaintiff suffered great bodily and mental anguish and pain, and is now suffering great pain of body and mind; that plaintiff has thereby been rendered totally incapacitated from doing manual labor, and permanently injured physically in his means of livelihood and sup-

port, and that at the time of his injuries complained of, there was no good or sufficient reason or cause, in fact, or in the science of medicine and surgery, for the amputation of plaintiff's said arm; that plaintiff's said arm could and would have been saved to him by competent and ordinarily skillful medical and surgical treatment.''

To this complaint, after having unsuccessfully assailed it by a demurrer, appellant filed an answer in two paragraphs. The first was a denial, and the second was as follows:

''And for a second and further answer the defendant says, that at the time complained of, it owed the plaintiff no duty, nor was it under any legal obligations to furnish him the services of a physician or surgeon to treat him for the injury stated in his complaint; that at the time complained, of G. W. Fertich, of Dunkirk, in Jay county, Indiana, was employed by the year to give and render services as a physician and surgeon to persons injured upon the defendant's road, whether employes or others, which services were gratuitous to the persons receiving them and were provided for the exigencies of each case, temporarily, until the patient could be removed or otherwise provided for, and that such services could be accepted or refused by each person at his own pleasure. And the defendant further says, that in the selection and employment of said Fertich, for the purposes aforesaid, it used due care to procure a skillful and competent surgeon and physician, and believes him to be such, and if incompetent or incapable, in any respect, it had no knowledge of the fact at the time of his employment or since; and that he was the most competent and skillful surgeon and physician in that locality. And the defendant further says, that if said Fertich made any promise or agreement with the plaintiff, as charged in

the complaint, it was outside his duties under said employment and not authorized by the defendant.''

A demurrer was sustained to this second paragraph of answer, and appellant excepted.

The contentions of the learned counsel for the appellant are:

First. That the complaint is not sufficient to entitle appellee to recover against appellant.

Second. That the second paragraph of answer was a defense to the complaint.

Third. That the gravamen of the complaint is that of malpractice upon the part of Fertich, the physician, and for such appellant is not liable in damages.

Fourth. That the complaint does not allege that Fertich was an agent of plaintiff, nor do the averred facts sustain such an assumption; nor do they show that a duty, by virtue of any law or contract, existed upon the part of appellant to furnish to appellee the services of the surgeon in question; nor do they establish that appellant failed to exercise ordinary care in the selection of said physician.

The contention of the learned counsel for appellee are:

First. That the relation of principal and agent existed between appellant and Fertich, under the facts stated in the appellee's complaint.

Second. That the act of Fertich in cutting off appellee's arm was within the scope of his authority as agent of appellant, under the facts alleged in the appellee's complaint.

Third. That the act of Doctor Fertich in cutting off appellee's arm, as alleged in appellee's complaint, was a crime against the laws of Indiana, and amounted, in law, to an assault and battery, or mayhem.

Fourth. That for such act by Fertich the appellant is liable in damages to appellee.

The first and essential point to be determined is, as to the sufficiency of the complaint to constitute a cause of action against appellant.

It is well settled by numerous decisions of this court and others that a corporation is responsible for the acts of an agent performed while engaged in the discharge of duties within the general scope of his agency, although the particular act was willful, and was not directly authorized.

A corporation that entrusts a general duty to an agent is responsible to an injured person for damages flowing from the agent's wrongful act done in the course of his general authority, although in doing the particular act the agent may have failed in his duty to his principal and disobeyed its instructions. The doctrine formerly enunciated, and adhered to by the courts, was that the master could not be held liable for the willful wrongs of his servant, but that rule has been quite generally abrogated by the modern decisions. *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138, and cases cited; *Oakland City, etc.,* v. *Bingham,* 4 Ind. App. 545, and authorities there cited.

But a different question is raised under the facts set up in the complaint and the second paragraph of the answer, in the case at bar, and the rule supported and adhered to by the decisions above cited, is not decisive of the point involved in this cause. The complaint must be construed upon the theory which is most apparent and clearly outlined by the facts stated therein. *Jones, Treas.,* v. *Cullen,* at this term, 40 N. E. Rep. 124, and cases cited.

Considering the complaint with reference to all of its alleged facts, it is apparent that it proceeds upon the theory that Doctor Fertich was a physician employed or retained by appellant to render gratuitously medical or

surgical services to its servants or employes, and that the appellee, who had been accidentally injured while in the employ of appellant, was, with his own consent and by the aid of his fellow servants, conducted to the office of Fertich, and that while there the doctor placed him under the influence of chloroform, from the effects of which he was rendered unconscious, and while in that condition, and in violation of the doctor's promise that he would not amputate his arm, he (Fertich) did "wrongfully, unlawfully and unnecessarily cut off appellee's right arm."

Counsel for appellee, in his well prepared brief, makes the claim that, under the facts alleged, this physician was the agent of appellant, and that the alleged tortious and unlawful act perpetrated by Fertich was within the scope of his authority as such agent and is the gravamen of the action. There is an entire absence in the complaint of any facts to establish that Dr. Fertich was employed by the appellant to discharge any legal or contractual duties which it, as a corporation and common carrier, owed to appellee as its servant. Neither do the facts show expressly, or inferentially, that in amputating appellee's arm the surgeon was in the exercise or discharge of any duty which appellant, as a master, owed to appellee as its servant.

The appellant was engaged in the business of a common carrier, and the presumption must, at least, be that it was engaged in that business alone, and such other as was necessarily incident thereto or connected therewith.

The acts complained of are in no manner governed by the law which applies to the omission of the master to provide his employes with safe machinery and appliances. This is a duty enjoined by law, and one which he can not delegate so as to exempt himself from liability

by casting it upon an agent, officer or servant employed by him.

As the question of appellant's liability presented by the facts does not come within the scope of, nor is it controlled by the general principle just stated; hence, if there is any liability, it must result from the application of a rule more limited in its character and one under which the principle of *respondeat superior* in a more narrow sense can be applied.

There was no general legal obligation resting upon appellant to provide surgical aid for its injured servants. *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358.

Appellant having assumed the duty to provide a physician and tender to its injured or sick employes his services, which they were free to reject or accept—a duty which was voluntarily assumed, and one which was not due from appellant to its employes, its liability can not be extended beyond its negligence, if any, in the selection of the physician or surgeon. In other words, the appellant would be liable only, if at all, for its negligence in the employment, in the first instance, of an incompetent person, and not for his negligence or tortious acts in the treatment of its servants who had accepted his professional services. When this duty is voluntarily assumed by a corporation, such as appellant is shown to be, it is only bound to exercise reasonable care and diligence, and is not required to select a physician of the highest skill and longest experience in the practice of medicine. If it exercised this required care and diligence, its duty terminated, and it was not liable for the subsequent malpractice or wrongs of the physician committed in or about the treatment of its servant. This principle of law is firmly settled and sustained by a long line of decisions of the higher courts of other States, of well recognized authority, and also by the adjudications

of our federal courts.   This, we think, is the correct rule and the one to which we yield our approval and adherence.   It is not shown, in any way, that appellee was under any obligations to accept the services of Dr. Fertich, he was, so far as it appears, wholly free, and at liberty, from a legal standpoint, to reject the same, and call to his aid a physician of his own choice and selection, but this right he did not exercise, but, as it appears, willingly accepted the services of the physician in question. Hence, in accordance with the rule stated, if it is not shown that appellant was guilty of negligence in the employment of its surgeon, and that he was incompetent, appellee, under the law, will not be permitted to call upon appellant to respond in damages for the negligence or wrongs of which he complains.   There are no allegations of facts in the complaint to show that the appellant violated this rule, which enjoined upon it the duty to exercise ordinary diligence in the selection or employment of the physician in controversy, therefore it follows, when tested by the principle of law above mentioned, the complaint in the case at bar must be held insufficient to constitute a cause of action.   The following cases fully support and sustain the conclusion we have reached.

*Laubheim* v. *Netherland S. S. Co.*, 107 N. Y. 228, 13 N. E. Rep. 781, and cases cited ; *Eighmy* v. *Union Pacific R. W. Co.* (Supreme Court of Iowa), 61 N. W. Rep. 1056; *McDonald* v. *Mass. General Hospital*, 120 Mass. 432; *Secord* v. *St. Paul, etc., R. W. Co.*, 5th McCrary's U. S. C. C. Reports 515 ; *Union Pac. R. W. Co.* v. *Artist*, 60 Fed. Rep. 365; *Fire Ins. Patrol* v. *Boyd*, 120 Pa. St. 624; *O'Brien* v. *Cunard Steamship Co.*, 154 Mass. 272; *Haas* v. *Missionary Soc., etc.*, 26 N. Y. Supp. 868; *Richardson* v. *Carbon Hill Coal Co.*, 32 Pac. Rep. 1012; *Van Tassell* v. *Manhattan, etc., Hospital*, 15 N. Y. Supp. 620, and

cases cited. In note: *Allen* v. *State Steamship Co.*, 132 N. Y. 91, 30 N. E. Rep. 482; *South Florida, R. W. Co.* v. *Price*, So. Rep., vol. 13, p. 638.

We have examined the authorities cited by appellee, but, under the facts in this case, they do not sustain his contention. The case of *Terre Haute, etc., R. R. Co.* v. *McMurray, supra*, where it is held that, under a certain emergency or necessity, a railroad company may be held liable for the services of a physician employed by its agent to attend one of its wounded servants, lends no support to the theory of appellee's action. It follows that the court erred in overruling the demurrer to the complaint; and, as the special verdict of the jury substantially finds and states the same facts as are alleged in the complaint, the law is with the appellant, and the court erred in not sustaining appellant's motion for judgment in its favor upon the special verdict. The judgment in favor of appellee is reversed, with costs, and the trial court is directed to sustain appellant's motion for judgment in its favor upon the finding of the jury.

Filed April 9, 1895.