GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
E. A. SCOTT.

Delivered February 9, 1898.

**1. Allegata and Probata—Personal Injuries.**

Allegations in plaintiff's petition to the effect that his damages resulted from the negligent crushing of his foot by defendant's cars will not warrant the admission of evidence to show that an attending physician in the employ of the defendant company improperly administered an enema which caused a permanent stricture of the bowels.

**2. Railway Company—Neglect of Physician.**

A railway company is not liable for damages resulting from the errors and mistakes of a competent physician employed to attend one who has been injured by its cars.

**3. Practice in Trial Court—Exclusion of Evidence.**

Where evidence not warranted by plaintiff's pleadings, and injurious to the defendant, has been admitted, though without objection, it should be excluded on defendant's motion made after the evidence has closed, and the jury should be instructed to disregard it.

APPEAL from El Paso. Tried below before Hon. C. N. BUCKLER.

*Beall & Kemp,* for appellant.

*P. H. Clarke* and *Falvey & Davis,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages arising from personal injuries. A trial by jury resulted in a verdict and judgment in favor of appellee for $15,000.

It was alleged in the petition: "That on or about November 11, 1896, the defendant, at El Paso, Texas, received plaintiff into one of its cars as a passenger, and for a valuable consideration paid by plaintiff defendant undertook to safely transport plaintiff from the city of El Paso, Texas, to Marfa, in Presidio County, Texas; that on said November 11, 1896, when the defendant's train, composed of an engine, the car in which plaintiff was riding, and several other cars, in going east, reached the town of Marfa about 10 o'clock p. m., defendant's servant called out 'Marfa,' which is the usual and customary signal for all passengers who desire to stop at said town, to leave the train when it stops at the depot. That the train, on reaching the depot at Marfa, came to a full stop, and plaintiff, as soon as it stopped at the depot, that being the usual place for passengers to leave the train, arose from his seat in the car in which he was riding, and without delay proceeded to leave the train; that he went to the front end of the car in which he was riding and walked out on the platform to get off the car and leave the train. That before plaintiff had time to get off, and while he was still on the car platform, the servants and employes of defendant in charge of the train, without giving any warning, negligently caused the car on which plaintiff was

riding to be suddenly and abruptly moved with such violence that plaintiff, without any fault or negligence on his part, was thereby thrown to and against the ground with such violence that he was thereby knocked insensible.  That while plaintiff was on the ground in such insensible condition, the wheels of defendant's car or cars ran over plaintiff's right foot and ankle, and so mashed, crushed, and mangled the flesh and bones in said foot and ankle that, on or about November 12, 1896, the same had to be amputated just above the ankle.  That by reason of said injury plaintiff has suffered great bodily pain and mental anguish, has incurred great expense for physicians, medical treatment, and medicines.

"That he has been confined to his bed ever since said November 11, 1896, and has been unable to do any labor or perform any service to support himself and family since the day of said injury.  That plaintiff is permanently disabled from laboring or pursuing any occupation or avocation to support himself and family.  That at the time of said injury plaintiff was in good health, a strong and vigorous man, 32 years of age, able to earn and was earning $2500 a year.

"That by reason of said injury his health has been destroyed, his nervous system shocked and permanently impaired, and he has been made a cripple for life.  That by reason of the premises, plaintiff has been damaged in the sum of $30,000.  Plaintiff represents that said defendant was negligent in suddenly and abruptly moving said train and car at Marfa, after having stopped at the depot, without giving plaintiff sufficient time to leave the train, and was negligent in running its car wheels over plaintiff's foot and ankle after negligently causing him to be thrown to the ground with such force and violence as to knock him insensible, and without giving any warning of its intentions to move said car."

On the trial of the cause evidence was introduced by appellee to the effect that hot coffee was negligently injected into the rectum of appellee by a physician who was in the employ of appellant, and that thereby appellee received permanent injury, and in fact appellee stated that the principal suffering endured by him had been the result of stricture of the bowels brought about by the injection of the coffee.  This testimony was permitted to go before the jury without objection, but after the evidence had been closed, a motion to exclude the testimony from consideration by the jury was filed and urged by appellant, on the ground "that the injury to plaintiff by having his ankle crushed has no causal connection with said injuries to the rectum, and that said injuries to the rectum were not the reasonable and approximate result of the plaintiff's injury caused by the negligence of the railway company."  The motion to exclude the testimony was overruled, and the court charged the jury: "If you believe from the evidence that the plaintiff's foot was injured by and through the negligence of defendant and without any negligence on the part of the plaintiff contributing thereto, and that the defendant under the law and the evidence is liable to him for injury to his said foot, and that after such injury he employed Dr. Wilkin as a physician to at-

tend him, and that he was a competent physician, and that the said doctor injected hot coffee, and that the plaintiff was thereby injured; and that at the time the said coffee was injected he, the said doctor, believed that the condition of the said plaintiff was such that it demanded such a remedy, and that so believing he injected the same, and that plaintiff was unconscious at the time, then the defendant would be liable for whatever injury the plaintiff may have sustained by reason of hot coffee having been injected; but if the hot coffee was injected by some other person than the said doctor, and not under his direction, then defendant would not be liable to the plaintiff for injury on account of hot coffee having been injected."

The damages of appellant were alleged to arise from the crushing and mangling of his foot, and there is no mention made in the pleading of any injury resulting from the injection of hot coffee, and the evidence of such injury was inadmissible. It is the rule in Texas that a general allegation of damages will justify evidence of all such damages as naturally and necessarily result from the injuries alleged to have been inflicted. Receiver v. Cook, 86 Texas, 630; Railway v. Curry, 64 Texas, 85.

Can it be said that the injuries inflicted by the injection of the coffee necessarily resulted from the foot of appellee being mangled by the cars of appellant? Certainly not. As said by the Supreme Court in Receiver v. Cook, above cited: "In this case there was no injury alleged to have been inflicted upon any organ or member of the body, from which such 'impairment' would naturally, not to say necessarily, follow." If testimony such as this under consideration can be admitted on allegation of injury to a leg, pleading would become useless and unnecessary, because its object would be defeated and a party would enter a trial without any intimation of surprises that would be sprung upon him in the evidence.

It will be noted that the trial judge in the charge made the liability of appellant for the injuries inflicted by the enema of hot coffee depend upon the proposition that a competent doctor employed by appellee believed that the condition of the patient demanded such remedy. To sustain such a proposition would be to charge railroad companies with the errors and mistakes made by physicians employed by injured parties, whether there was any connection between the mistakes and the cause of the injury or not. Under such doctrine, if the doctor had by mistake amputated the sound leg, or had carelessly given a fatal dose of morphine or chloroform, the railroad company would have been responsible. It is clear that such doctrine can not be sustained. The railroad company is responsible for all damages that necessarily resulted from the injuries it may have negligently inflicted upon appellee, but can not be held liable for the negligence of the physician who attended upon appellee. The charge renders appellant liable for injuries resulting from the acts of a physician employed by appellee, and without reference to his employment by the company, and also without reference

to the principle that the injuries inflicted by the coffee necessarily resulted from the crushing of the foot.

The doctrine seems to be that where a common carrier is compelled by law, or assumes to furnish a surgeon or physician to attend upon injured passengers, the duty devolved upon it is to furnish a competent one, and if this is done the carrier is not liable for any malpractice or neglect upon the part of the physician. Laubheim v. Steamship Co., 107 N. Y., 228; Allan v. Steamship Co., 132 N. Y., 99; 30 N. E. Rep., 482; Secord v. Railway, 18 Fed. Rep., 221; McDonald v. Hospital, 120 Mass., 432; O'Brien v. Steamship Co. (Mass.), 28 N. E. Rep., 266.

In the Secord case, above cited, it was said, "that this railroad company having assumed to furnish a physician—a surgeon—it has taken upon itself the duty and obligation of furnishing a competent surgeon, and not beyond that. If it assumes the responsibility of engaging a surgeon, and placing him in charge of parties that may be injured, and sending him to their aid, so that these parties may place themselves under the care of this physician or surgeon, then it is responsible thus far: that the person it selects must be a competent man; he must reasonably be fitted for the duties which he is called upon to perform." In the case of Laubheim v. Steamship Company, the Court of Appeals of New York cites the Secord case, and says: "If by law or by choice the defendant was bound to provide a surgeon for its ships, its duty to the passengers was to select a reasonably competent man for that office, and it is liable only for a neglect of that duty. * * * It is responsible solely for its own negligence, and not for that of the surgeon employed. In performing such duty it is bound only to the exercise of reasonable care and diligence, and is not compelled to select and employ the highest skill and longest experience." We have proceeded upon the hypothesis that the physician took charge of appellee as a part of his duty to his employer—the railway company—for it is clear that appellant would not be liable if he was employed by appellee, independent of the relation that he bore to appellant.

Having arrived at the conclusion that the testimony as to the injuries resulting from the enema was illegal and improper, the question is presented, by appellee, that the evidence having been permitted to go to the jury without objection, the motion to exclude was properly overruled and the court should have presented the issue raised by the testimony to the jury. It is the proper practice, when illegal testimony is offered, to object at the time, and in case it is admitted, to reserve a bill of exceptions, but this rule does not preclude the party complaining from making a motion to exclude the testimony after the evidence has closed, and clearly when the testimony is in connection with an issue not raised by the pleading, and so manifestly unjust to the party complaining as the testimony as to the enema was to appellant, the court should not only have excluded the evidence, but should have instructed the jury to disregard it. It was error to submit an issue raised by the evidence, but not raised by the pleading, even though the evidence raising

the foreign issue was introduced without objection. "Facts not alleged, though proved, can not constitute the basis of an adjudication." Hall v. Jackson, 3 Texas, 311; Paul v. Perez, 7 Texas, 435; McKinney v. Fort, 10 Texas, 234; Denison v. League, 16 Texas, 408; Middlebrook v. Zapp, 73 Texas, 29; Cooper v. Loughlin, 75 Texas, 524.

The error assigned as to the action of the trial court on the application for a continuance, and the other errors assigned, are questions that will not probably arise on another trial, and need not therefore be considered.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*