ZUMWALT v. TEXAS CENT. R. CO.

(Court of Civil Appeals of Texas.    June 26, 1909.)

For majority opinion, see 121 S. W. 1133. See, also, 132 S. W. 113.

DUNKLIN, J. (dissenting). I agree that the judgment should be reversed and the cause remanded, but cannot assent to the full scope of the opinion of the majority.

If plaintiff is entitled to recover, it must be by virtue of the contract, either express or implied, under which the deductions of 50 cents per month from his wages were made, and this contract should be interpreted by the rules applicable to other contracts of like character. If it was the understanding by and between plaintiff and defendant that in consideration of such deductions from his earnings the defendant would treat him for any injuries he might receive while engaged in defendant's service, then the surgeon employed by defendant would be its servant, and defendant would be liable for damages resulting to plaintiff through the negligence of the surgeon in such treatment. Plaintiff in effect testified that such was the contract, and, in view of his testimony and other circumstances in evidence, I think it was error for the trial court to instruct a verdict in defendant's favor, as that issue, like any other controverted issue of fact, should have been submitted for determination by the jury. Likewise I believe defendant would be liable at all events for any negligence of the surgeon in treating plaintiff, if it realized a profit from the total deductions for the hospital fund, as was held by this court in Tex. & Pac. Coal Co. v. Connaughton, 20 Tex. Civ. App. 642, 50 S. W. 173, or if the plan established for treatment of such employés for injuries was designed by appellee for the purpose of realizing therefrom any character of profit to the railway company. But, if the undertaking by the

railway company to make these deductions from the amounts due its employés and to employ a surgeon to treat them was not for the purpose of realizing a profit to the company, but was for the sole use and benefit of the employés, and if no express contract was made between plaintiff and defendant in relation to his treatment in case he was injured in defendant's service and the defendant realized no profit from the fund arising from such deductions, then I think the extent of duty owing by it to its employés would be to exercise ordinary care to preserve such fund and to select a competent and suitable surgeon. In that event the undertaking of the company would be a gratuity, and, if it exercised ordinary care in selecting and retaining a surgeon, it should not be held liable for his negligence. Railway v. Hanway, 57 S. W. 697; Railway v. Scott, 18 Tex. Civ. App. 321, 44 S. W. 589; S. P. Co. v. Mouldin, 19 Tex. Civ. App. 166, 46 S. W. 650; Railway v. Artist, 60 Fed. 365, 9 C. C. A. 14, 23 L. R. A. 581; Ry. v. Early, 141 Ind. 73, 40 N. E. 257, 28 L. R. A. 546; Eighmy v. Railway, 93 Iowa, 538, 61 N. W. 1056, 27 L. R. A. 296; Railway v. Sullivan, 141 Ind. 83, 40 N. E. 138, 27 L. R. A. 840, 50 Am. St. Rep. 313; Richardson v. Carbon Hill Coal Co., 10 Wash. 648, 39 Pac. 95; 26 Cyc. 1082, and cases cited; also cases cited in 34 Cent. Dig. cols. 611, 612, 613. Such benefits as may be supposed to accrue indirectly to defendant from the maintenance of the hospital, and not out of the hospital fund itself, I believe could not constitute of themselves pecuniary profits and thereby furnish a basis for holding upon the authority of Tex. & Pac. Coal Co. v. Connaughton, supra, that Dr. Webb was defendant's servant, and that defendant is liable for his malpractice, if as a matter of fact such benefits formed no part of the consideration which induced appellee to establish its said plan for hospital treatment of its employés. Fire Ins. Co. v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860.

If the contract between defendant and its employés was of the character last above indicated, the fact that there was not a further agreement for the return of any funds not expended, in the event of a termination of the contract, I think, would make no difference, as equity would supply the omission and vest title to the unused portion of the fund in the employés. It might be difficult to determine the relative interests of the employés in the fund, but clearly it would not be the property of the defendant. And the fact that the defendant deposited the hospital fund to its own credit prior to its payment to the surgeon, and the further fact that under the arrangement between defendant and its employés the former had exclusive authority to select a surgeon, are not inconsistent with defendant's contention that the authority so to do was given it under the contract with its employés, and that its undertaking was to act in those matters solely as a trustee or agent for those contributing to the hospital fund.