## HENRY, RECEIVER *v.* BEVIS.

[No. 22,965. Filed December 9, 1915.]

DISMISSAL.—*Reinstatement.—Evidence. — Review.* — Where plaintiff, after a voluntary dismissal of his action, procured a reinstatement thereof, the action of the court in reinstating the cause can not be disturbed on appeal on a record which does not disclose that the affidavits and counter affidavit filed with reference to the motion to reinstate were all the evidence upon which the ruling was based, and in such case the presumption in favor of the correctness of the ruling of the trial court will be indulged.

From Marion Circuit Court (22,172); *Charles Remster,* Judge.

Action by John A. Bevis against Charles L. Henry, Receiver. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Elam & Fesler* and *Claude Cambern,* for appellant. *Edward W. Little* and *Earl W. Little,* for appellee.

LAIRY, J.—This is an appeal from a judgment in favor of appellee for personal injuries. The action was commenced in the Superior Court of Marion County on November 2, 1910. The record in the cause shows the following entry as of January 12, 1912: "Comes now the plaintiff, by counsel, and

on his motion this cause is dismissed at his costs herein. It is, therefore, considered and adjudged by the court that the plaintiff pay the costs of this action taxed at $—— and —— cents." On January 21, 1913, the court upon motion of appellee and over the objections of appellant reinstated said cause of action and the same proceeded to final judgment. The only errors which appellant seeks to present on appeal relate to the action of the trial court in overruling the objections of appellant to the motion to reinstate and in ordering the case reinstated on the docket of the court.

The record shows that the trial court upon sustaining the motion of appellee to reinstate the cause granted appellant ten days within which to file a bill of exceptions. No bill of exceptions was filed. The record shows that appellee filed an affidavit in support of the motion and that an affidavit in opposition thereto was filed in behalf of appellant after which appellee filed a further affidavit. These affidavits are set out in the record but it does not appear that the ruling of the court was based upon the evidence contained in these affidavits and none other. Oral evidence may have been introduced which the court considered in connection with the affidavits in passing upon the motion to reinstate. This court cannot reverse a ruling of the trial court based upon a question of fact unless the record affirmatively shows that all of the evidence upon which such ruling is based is before this court. This does not appear from the transcript in this case by bill of exceptions or otherwise. The presumption in favor of the correctness of the ruling of the trial court requires an affirmance of the judgment. Judgment affirmed.

Note.—Reported in 110 N. E. 545. See, also 3 Cyc 275.