## NEWTSON ET AL. *v.* KLINE ET AL.

[No. 22,853. Filed June 8, 1916.]

1. APPEAL.—*Briefs.*—*Presentation of Error.*—*Waiver of Error.*— Alleged errors, set out in appellant's brief under the heading "Errors Relied on for Reversal," are waived by failure to make reference thereto in the points and authorities, as required by Rule 22 of the Supreme Court. p. 66.

2. APPEAL.—*Record.*—*Evidence.*—*Review.*—Where alleged error is predicated on the overruling of a remonstrance to the establishment of a levee and a determination of the correctness of such ruling involves a question of fact, there should be incorporated in the record a bill of exceptions containing the evidence given at the hearing on the remonstrance to present any question for review as to the ruling thereon. p. 66.

3. APPEAL.—*Proceedings to Establish a Levee.*—*Preliminary Report.*—*Failure to Object or Except.*—*Waiver of Error.*—Error, if any, of the court in setting aside a preliminary report on a proposed levee was waived by a failure to object, or except, at the time of the ruling. p. 66.

4. APPEARANCE.—*Lack of Jurisdiction.—Waiver.*—In a proceeding to establish a levee, a general appearance to the merits of the action waives the necessity, as to those appearing, of giving the notice of the filing of the petition provided for by §8189 Burns 1914, Acts 1907 p. 405.    p. 67.

5. APPEAL.—*Levees.—Petition.—Motion to Dismiss.—Sufficiency.—Statute.*—A motion to dismiss a petition for the establishment of a levee for the reason that no notice of the filing of such petition was posted or published in a county having lands affected by the proposed improvement is insufficient, where it fails to allege that the complaining party was a non-resident of such county, since the statute (§8189 Burns 1914, Acts 1907 p. 405) requires notice by publication and posting in a county only when the owners of lands affected therein are not residents of such county.    p. 67.

6. STATUTES.—*Title.—Subject.—Constitutionality.*—The act of 1907 (§8188 *et seq.* Burns 1914, Acts 1907 p. 404) entitled an "Act to provide for the protection and reclamation of lands subject to overflow, by the construction and maintenance of levees," as amended by the Acts of 1911 p. 172, broadening the scope of the original act by giving the county commissioners power to "straiten, widen and deepen any  *  *  *  ditch heretofore constructed so as to provide for complete protection of all lands to be affected," is not void as conflicting with §19, Art. 4, of the Constitution, providing that, "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be embraced in the title," since the straitening, widening and deepening of an existing ditch is properly connected with the subject of the construction of levees for the purposes mentioned in the title of the Act of 1907.    p. 69.

7. LEVEES.—*Establishment.—Territorial Extent.*—That lands affected by a proposed levee are within the jurisdiction of a drainage corporation formed under the provisions of §7202 *et seq.* Burns 1901, Acts 1889 p. 104, Acts 1895 p. 376, is not a valid objection to the authority of the court to order the establishment of the levee, where its construction contemplates no interference with the work already done by the corporation, since the jurisdiction of such a corporation is not exclusive.    p. 70.

8. LEVEES.—*Proceedings for Establishment.—Parties.—Waiver of Defects.*—While a drainage corporation which has jurisdiction over lands affected by a proposed levee, would be a proper party to the proceedings to establish such levee, yet the defect of parties is waived by the failure to move that such corporation be made a party defendant.    p. 70.

9. APPEAL.—*Briefs.—Presenting Questions for Review.*—Abstract propositions of law in the points in appellant's brief present no question for review where they are not applied to some alleged erroneous ruling or action of the trial court.    p. 71.

From Starke Circuit Court; *A. D. Bartholomew*, Special Judge.

Proceedings on the petition of Rudolph D. Kline and others for the establishment of a levee. From a judgment referring the preliminary report back to the county commissioners for a final report, John B. Newtson and others appeal. *Affirmed.*

*Darrow & Rowley, William Reed* and *William E. Pinney*, for appellants.

*Henry A. Steis, Peters & Peters* and *Stuart Mac-Kibbin*, for appellees.

MORRIS, J.—Appellees filed their petition in the Starke Circuit Court to establish a levee in Starke county, under the act of 1907, as amended in 1911, Acts 1907 p. 404; Acts 1911 pp. 172, 668; §8188 *et seq.* Burns 1914. The petition was referred to three commissioners for preliminary report. Before the time fixed for filing the report, one of the commissioners died, but the other two signed and filed a report on February 7, 1914, recommending the establishment of the proposed work. This report on motion was set aside, without objection from any one, and the petition was again referred to three commissioners, who, on January 6, 1915, filed a preliminary report finding the proposed work practicable and sufficient to protect the lands affected, and that it would improve the public health, benefit highways and be of public utility. §8189 Burns 1914, Acts 1907 p. 405. Appellants filed various objections and exceptions to the preliminary report, motions to dismiss the proceedings and, with others, filed what purported to be a two-thirds remonstrance, which was overruled. There was a hearing on appellant's exceptions to the preliminary report, with special findings of fact and

conclusions of law thereon. The appellants excepted to the conclusions of law. The court rendered judgment referring the report back to the commissioners for a final report. From such judgment, this appeal is prosecuted. §8189, *supra.* Appellees have interposed a motion to dismiss the appeal. The motion is insufficient, and is overruled.

Appellant's brief, under the heading of errors relied on for reversal, sets out fifty-five alleged errors, but a consideration of most of them has been waived by failure to make reference thereto in their points and authorities. Rule 22, Supreme Court. Under the heading "Points and Authorities" in appellants' brief there are nineteen specifications of alleged error. Points Nos. 1, 5, 7, and 8 relate to the alleged error in overruling the remonstrance of what purported to be two-thirds of the owners of lands affected. The correctness of this ruling involves questions of fact. There is no bill of exceptions in the record containing the evidence given at the hearing on this remonstrance, and consequently nothing in relation thereto is presented here for review. *Henry* v. *Bevis* (1915), 184 Ind. 78, 110 N. E. 545. Points Nos. 2, 3, 4, and 6 relate to the alleged error of the court in setting aside the first preliminary report, filed by the two commissioners, and referring the petition to three commissioners for preliminary report. If there was any error in this action, the same was waived by appellant's failure to object or except at the time of the ruling. Points Nos. 9, 10, and 19 present the question of notice to appellants William E. Pinney and Nathan A. Phipps, receiver. Pinney filed a motion to either dismiss the petition, or set aside the preliminary report,

because he was the owner of described lands in Laporte county, and because no notice of the proceedings had been posted or published in Laporte county. A similar motion was filed by Phipps, receiver. As each of these parties appeared generally to the proceeding, the motions were without merit. The object of notice is to enable parties to appear and defend. A general appearance to the merits, as here, waived the necessity of any notice to them. Their motions were each insufficient on the face thereof for another reason. It was not alleged that either Pinney or Phipps was a nonresident of Laporte county. The statute (§8189, *supra*) provides for notice by publication and posting in a county only where lands situated therein will be affected and where the owners thereof are not residents of such county. Points Nos. 11, 12, 13, 14, 15, and 17 relate to the construction or validity of said Levee Act of 1907, as amended in 1911, *supra*. In 1901 an open public drain was established, known as the Elsbree ditch, which purported to carry the waters of Yellow river and to straiten and deepen the channel thereof. This ditch crossed the embankment of the Nickel Plate Railroad in section 16, township 33, range 2, in Starke county, and extended thence west about six miles to the Kankakee river.

In March, 1902, landowners in Starke and Laporte counties formed a corporation under the act approved March 5, 1889, as amended by an act approved March 14, 1895 (§§7202-7230 Burns 1901, Acts 1889 p. 104; Acts 1895 p. 376), to protect lands from overflow by the Kankakee river and its tributaries and to drain the same. The name adopted was the Kankakee Reclamation Company. The company subsequently constructed a dredge

ditch in a northeasterly and southwesterly direction along the line of the Kankakee river, which received the waters of the Elsbree and other ditches. About a mile and a half north of the Elsbree ditch and parallel therewith, is the Laramore ditch, flowing westward, and emptying into the Reclamation company's ditch. Two and a half miles south of the Elsbree ditch, and parallel therewith, is the Williams ditch, flowing west, and emptying into the Reclamation company's ditch. In this proceeding, the proposed north levee will extend west from the railroad embankment on a line from 100 to 200 feet north of the Elsbree ditch to a point 1,100 feet east of the Reclamation company's ditch; thence in a northeasterly direction, parallel with said company ditch, to near the south bank of the Laramore ditch; thence east, parallel with said ditch, a distance of more than one mile. The proposed south levee extends from the railroad embankment west, at a distance from the south bank of the Elsbree ditch from 100 to 200 feet, to a point 1,500 feet east of the Reclamation company's ditch, thence in a southwesterly direction and parallel with the Reclamation company's ditch, to the north bank of the Williams ditch; thence east, on a line parallel with the Williams ditch, a distance of more than three miles. Where the levees extend along the banks of the Elsbree ditch, it is proposed to secure the materials therefor from the banks and bottom of the Elsbree ditch, and thereby widen, deepen and straiten the channel thereof. On this portion of the work, a thirty-foot berme between the toe of each levee and the Elsbree ditch is proposed. The materials for the levees adjoining the Williams and Laramore ditches are to be procured by widening, straitening and deepening those ditches. Materials for the portions of

levees running parallel with the Reclamation company's ditch are to be taken from shallow pits near the levees.    All the lands affected by the proposed work were formerly assessed for the construction of the Reclamation company's ditch.    Section 3 of the original act, *supra*, as passed in 1907, made no direct mention of ditches, but the amendment of 1911 (*supra*, p. 172) expressly enacts that the commissioners may make provision to "straighten, widen and deepen any  *  *  *  ditch heretofore constructed so as to provide for complete protection of all the lands to be affected."    Appellants claim that this provision is void because in conflict with §19, Art. 4, of the Constitution of Indiana, which provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." The title of the levee act (Acts 1907 p. 404, *supra*) is, "An act to provide for the protection and reclamation of lands subject to over-flow, by the construction and maintenance of levees."    The same legislature passed our drainage law, entitled, "An act concerning drainage."    Acts 1907 p. 508, §6140 Burns 1914.    Section 3 of that act (§6142 Burns 1914) authorized the commissioners to provide for dykes and levees where appropriate.

We are of the opinion that the straitening, widening and deepening of an existing ditch is, within the meaning of the constitutional inhibition, properly connected with the subject of the construction of levees for the protection and reclamation of lands subject to overflow.    The construction of levees requires material, and usually large quantites thereof.    Unless the material can be procured close to the work, the cost must usually be prohibitive.    The straitening, widening and deepening of an existing ditch adjoining may not only solve

the problem of procuring material for the levee, but also, as an incident, may assist in the reclamation by making the ditch more efficient. If the landowner is injured by the removal of earth, he has a remedy in damages. §8190 Burns 1914, *supra*. The provision in question is constitutional.

It is further contended by appellants that the proposed work is merely the construction of a new ditch, with the levees as mere incidents thereto, and that such proceeding must be instituted under the Drainage Act, because the Levee Act is not applicable to the construction of new ditches. Whether a new ditch might be constructed under the Levee Act we do not consider. The work proposed here is in no sense a new ditch, but falls within the express language of the statute providing for the straitening, widening and deepening of an existing ditch.

Appellant Phipps, receiver, challenged the jurisdiction of the court to order the establishment of the proposed work because, as claimed, the lands in question were within the exclusive jurisdiction of the Kankakee Reclamation Company. We do not assent to such theory. While the Reclamation company might properly have undertaken this work, we are of the opinion that its jurisdiction was not exclusive. The proposed work does not contemplate any substantial interference with the work already done by that corporation.

It is suggested that since the Reclamation company in its corporate capacity is not a party to this proceeding it may attack it collaterally by injunction. It would seem that the corporation would be a proper party, and probably, on the motion of any party to the proceeding, would have been brought in to answer.

There was no such motion, and the question of defect of parties has been waived.

Appellants' point No. 16 reads as follows: "A public easement once established cannot be taken for a second easement where the first easement is destroyed, except by special and specific enactment of the legislature." Abstract propositions of law, though faultless, present no question for review. The relation of the legal proposition to some 9. particular ruling or action of the trial court must be specified. *Leach* v. *State* (1911), 177 Ind. 234, 240, 97 N. E. 792. As said in *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 460, 78 N. E. 1033: "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, present no question for decision." Point No. 18 has the same infirmity as point No. 16.

The trial court did not err in its conclusions of law on the facts found. Judgment affirmed.

NOTE.—Reported in 113 N. E. 376. See under (4) 4 C. J. 1353, 3 Cyc 517; (6) 36 Cyc 1022, 1028.