WROBLEWSKI *v.* THE PULLMAN COMPANY.

[No. 13,016. Filed February 23, 1928.]

*Pepple & Kunkel,* for appellant.

*Pickens, Davidson, Gause & Pickens,* for appellee.

NICHOLS, J.—Appellant claims damages for a burn received by him, resulting in a permanent injury.

To the complaint, naming two defendants, appellee and the Haskel and Barker Car Company, appellee filed its demurrer. Later, appellant dismissed as to the Haskel and Barker Car Company, and appellee's demurrer was sustained, to which ruling, appellant excepted.

He refused to plead further, and the court rendered judgment against him on the demurrer, from which this appeal, appellant assigning as error the court's ruling on the demurrer.

The complaint shows that appellant had received an injury to the calf of his right leg, while in the employ of the Haskel and Barker Car Company; that they provided a physician for him; that later, the Pullman Company took charge of the business of the Haskel and Barker Car Company; that appellee conducted a dispensary for the treatment of the wounded. That this appellant went there for treatment; that on the advice of the physician furnished, his leg was to be treated by the application of heat, at such dispensary; that appellee kept a nurse in charge thereof, whose duties were to treat patients who came to it; that such nurse while so employed by appellee placed appellant's leg in an oven for treatment; that, though warned by appellant that the heat was beyond his endurance, such nurse negligently kept his leg in the oven until the bandage on appellant's leg began to burn and that, as a result of such negligence, a hole was burned in appellant's heel; that as a result of such injury to appellant's heel, he was permanently incapacitated, to his damage.

Appellant contends that such facts show a duty owing by appellee to him, a breach of such duty, and that such breach of duty resulted in damage to him.

We hold that the complaint fails to state facts sufficient to create a liability upon the part of appellee to furnish appellant the services of its dispensary and nurse for the treatment of appellant's injury. Without such duty, there can be no liability of appellee for the negligence of the nurse. The rule which controls under circumstances, such as averred in the complaint herein, is thus stated in *Pittsburgh, etc., R. Co.* v. *Sullivan* (1895), 141 Ind. 83, 40 N. E. 138: "Appellant having assumed the duty to provide a physician and tender to its injured or sick employes his services, which they were free to reject or accept—a duty which was voluntarily assumed, and one which was not due from appellant to its employes, its liability can not be extended beyond its negligence, if any, in the selection of the physician or surgeon. In other words, the appellant would be liable only, if at all, for its negligence in the employment, in the first instance, of an incompetent person, and not for his negligence or tortious acts in the treatment of its servants who had accepted his professional services."

In the instant case, there is no averment whatever of the negligence of appellee in employing an incompetent physician or nurse. The rule in the Sullivan case is followed by the Supreme and Appellate Courts in *Wabash R. Co.* v. *Kelley* (1898), 153 Ind. 119, 52 N. E. 152; *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 644, 104 N. E. 886, and in *Boring* v. *Chicago, etc., R. Co.* (1916), 185 Ind. 46, 110 N. E. 545.

Judgment affirmed.