Muncie Pulp Co. v. Davis.

---

## MUNCIE PULP COMPANY v. DAVIS.

[No. 20,354.   Filed April 29, 1904.]

NEGLIGENCE.—*Pleading.*—In a pleading, the characterization of an act or omission as negligent will not supply averments of fact from which the existence of a duty to exercise care is shown to have existed.   *p. 562.*

MASTER AND SERVANT.—*Duty of Superintendent.*—The giving of a proper command by a superior servant does not in every instance impose upon him the duty of protecting the servant commanded while the latter is engaged in the execution of the order.   *p. 562.*

SAME.—*Negligence of Superintendent.*—*Employers' Liability Act.*—*Complaint.* —A complaint for personal injuries to an employe, under subdivision two of section one of the employers' liability act (??7083 Burns 1901), making corporations liable for injuries resulting from the negligence of a superior employe, to whose order the injured employe was bound to, and did, conform, alleging that the injury resulted from the failure of the superior and other employes of defendant to perform certain specified duties, is insufficient, where it is not averred that the negligent omissions were any part of the duties of such superior, under the terms or the practice of his employment.   *pp. 560–563.*

APPEAL.—*Answer to Interrogatory.*—*Review.*—The Supreme Court can not consider an answer to an interrogatory submitted to the jury, stating on what paragraph of the complaint the verdict is based.   *p. 563.*

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by Frank K. Davis against the Muncie Pulp Company.   From a judgment for plaintiff, defendant appeals.   Transferred from Appellate Court, under §1337u Burns 1901.   *Reversed.*

*W. A. Thompson* and *W. H. Thompson,* for appellant.
*R. S. Gregory, A. C. Silverburg* and *W. J. Lotz,* for appellee.

GILLETT, C. J.—This action was instituted by appellee to recover for an injury to his person.   The complaint was

in three paragraphs.  Appellant unsuccessfully demurred to each of said paragraphs, and then filed answer by way of general denial.  Appellee recovered a verdict, on which judgment was rendered.  The record has been so framed as to present the sufficiency of each paragraph of complaint as against said demurrer.

Some statement as to said first paragraph must be made as a basis for the opinion which is to follow; but in the making of such statement we shall endeavor to show the character of said paragraph with reference to the objections urged against it, rather than to make an abridged exhibit of all its averments.  It appears from said paragraph that at the time of appellee's injury, January 7, 1902, appellant, a corporation engaged in the manufacture of pulp, had in its factory two batteries of boilers, with a fire-box beneath each of said boilers; that it was necessary to clean said boilers by steam and hot water every three or four hours; that for that purpose said batteries were encircled by what is termed a "blow line"; that opposite each boiler there was an individual line extending from said blow line through the fire-box and into said boiler; that there was a valve on each of said individual lines, whereby the steam and hot water could be shut out of it.  It further appears from said paragraph that appellee, a pipe-fitter in the employ of appellant, was injured by the steam and hot water being turned on in said blow line, while he was making a repair to the system by the replacing of a pipe in the fire-box of furnace No. 7, and that appellee was doing said work pursuant to the order of appellant's boiler superintendent, one Thornburg, to whose order appellee, under his contract with appellant, was bound to conform, and was conforming at the time of his injury.  It is alleged that appellant and said Thornburg and a number of appellee's co-employes knew of said order, and had full knowledge of appellee's dangerous position while he was working in said fire-box.  It does not

appear who turned the steam and hot water into the blow line, but it is alleged that the valve in the pipe leading to said furnace was "negligently, carelessly, and wrongfully left open by the defendant corporation, its employes, and the said Thornburg, without any knowledge or fault of the plaintiff, so that when the steam was turned into said blow line the full force thereof was negligently, carelessly, and wrongfully rushed and forced into the fire-box, where plaintiff was then and there working, and upon and against his body, and that the said Thornburg failed, neglected and omitted to keep said valves closed, and carelessly and negligently permitted the same to be left open by the employes of the defendant corporation, without any fault, knowledge, or notice on the part of the plaintiff." After alleging the nature of appellee's injuries, it is charged in said paragraph that all of said injuries were caused "by reason of the said carelessness, negligence, and acts and omissions of the defendant corporation, through its employes, agents, and servants, and through the said negligent and careless acts and omissions of the said Thornburg."

Counsel for appellee do not claim that the paragraph of complaint in question states facts sufficient to create a liability at common law, but they claim that said paragraph states a cause of action under the employers' liability act (§7083 et seq. Burns 1901). Appellant's counsel, on the other hand, limit their argument as to said paragraph to a discussion as to whether the facts therein alleged bring the case within the terms of said act. In view of the manner in which the case has been presented, we shall assume that the sufficiency of the paragraph is to be judged by the standard indicated.

The particular contention of counsel for appellee is that a cause of action is stated in said paragraph under the second subdivision of the first section of said act. The portions of said section thus brought into review are as

Muncie Pulp Co. v. Davis.

follows: "That every railroad or other corporation, except municipal, operating in this State, shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases:  *  *  *  Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform."

It is to be observed that it is not alleged in said paragraph that it was negligent to give the order to make the repairs in said fire-box. Construing the pleading most strongly against the pleader, we are warranted in indulging the assumption that the order was one which it was proper to give. We do not wish to be understood as intimating that it is required under said subdivision that the original order should have been negligently given. Our present purpose is to point out the fact that what is complained of occurred after the giving of said order; that is, leaving the valve in the pipe leading from the blow line to the fire-box of boiler No. 7 open, and in failing to keep said valve closed. The charge that appellant and appellee's co-employes, other than Thornburg, were guilty of said omissions, indicates that the pleader did not have a very clear idea of the effect of the subdivision of the statute under consideration. The principal purpose of the employers' liability act was to put limitations on the co-servant rule, by providing for a liability upon the part of the master in certain circumstances for the negligence of certain classes of servants. *Baltimore, etc., R. Co.* v. *Little,* 149 Ind. 167; *Thacker* v. *Chicago, etc., R. Co.,* 159 Ind. 82, 59 L. R. A. 792; *Pittsburgh, etc., R. Co.* v. *Gipe,* 160 Ind. 360. It is clear that the negligence which gives a cause of action under the second subdivision of the first section of the act is the negligence of the servant who had the authority to

give the order or direction which the person complaining was pursuing at the time of the injury. But as the paragraph in question also alleges that Thornburg was negligent in the particulars mentioned, we need not discuss the effect of a charge that appellant and appellee's co-employes were also negligent.

The question arises, however, whether the paragraph in question is not insufficient for the reason that it fails to show that a duty devolved upon Thornburg to exercise care for the safety of appellee. In *Faris* v. *Hoberg,* 134 Ind. 269, 39 Am. St. 261, this court, speaking by Hackney, J., said: "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient." See, also, *Evansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221, 50 Am. Rep. 783; *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265; *Daugherty* v. *Herzog,* 145 Ind. 255, 32 L. R. A. 837, 57 Am. St. 204; *American Rolling Mill Co.* v. *Hullinger,* 161 Ind. 673; Black, Law & Prac., §138. In a pleading the characterization of an act or omission as negligent causes that word to take on a technical significance, but such a charge will not supply averments of fact from which the existence of a duty to exercise care is shown to have existed.

It cannot be said to be a proposition of law that the giving of a proper command by a superior servant in every instance imposes upon him the duty of protecting the servant commanded while the latter is engaged in the execution of the order. See *Southern Ind. R. Co.* v. *Martin,*

160 Ind. 280. In respect to the keeping of the valve in said individual line closed, there is no allegation that such was the duty of Thornburg under the terms or the practice of his employment. He was not the master, and he was not, in the absence of special circumstances, called on to look after the details of the work. For the reason suggested, the demurrer to said paragraph should have been sustained.

We are not authorized to consider an answer to an interrogatory submitted to the jury stating on what paragraph of the complaint the verdict is based. *Clear Creek Stone Co.* v. *Dearmin,* 160 Ind. 162; *Consolidated Stone Co.* v. *Morgan,* 160 Ind. 241; *Farmers Ins. Assn.* v. *Reavis,* 163 Ind. —; *Salem-Bedford Stone Co.* v. *Hill,* 26 Ind. App. 543. It can not be determined whether the verdict of the jury was founded on the first paragraph of complaint, and therefore the judgment must be reversed.

Appellant's counsel further contend that the second and third paragraphs of complaint are insufficient. The questions which are presented concerning these paragraphs are of a technical character and will doubtless be obviated by amendment. In view of this, and of the further fact that the general principles governing the liability of the master to his servant are well settled, we have concluded that we are not warranted in prolonging this opinion to the extent necessary to pass upon said paragraphs.

Judgment reversed, with an instruction to the trial court to sustain the demurrer to the first paragraph of complaint, and to grant leave to the parties to reframe the issues.