## LAKE ERIE & WESTERN RAILROAD COMPANY *v.* BRAY, ADMINISTRATOR.

[No. 6,195.    Filed June 5, 1908.]

1.  MASTER AND SERVANT.—*Fellow Servants.—Railroads.—Employe of Manufacturing Company.*—A railroad company operating upon its own switch in delivering straw into the plant of a strawboard company is a fellow servant of a person employed by such strawboard company to clean up the straw which fell while the railroad company was unloading its cars.    p. 51.

2.  PLEADING.—*Complaint.—Negligence.—General Allegations of.*—A general allegation that defendant's act was negligently done, to plaintiff's injury, is sufficient on demurrer.    p. 52.

3.  SAME.—*Complaint.—Negligence.—Alleging Facts from which Duty Springs.*—A complaint for damages caused by defendant's negligence must allege the facts from which defendant's duty springs and that defendant's act or acts therein were negligently done, or negligently omitted.    p. 52.

4.  SAME.—*Complaint.—Railroads.—Backing over Person at Work.*—A complaint alleging that defendant railroad company "negligently * * * backed its locomotive engine" over its spur-track into the building wherein plaintiff's decedent was working for a strawboard company, and in so doing, "negligently failed * * * to give any sound or warning, signal or notice whatsoever * * * of the approach of said locomotive"; that from where decedent was working he could not see the approach of such locomotive, nor hear same because of the noise of machinery and that defendant's brakeman saw decedent's peril, but negligently failed to signal for the stopping of the train, thereby killing decedent, is insufficient.    p. 52.

5.  SAME.—*Complaint.—Railroads.—"Last Clear Chance."*—A complaint alleging that defendant railroad company backed its train over a spur-track, on which plaintiff's decedent, an employe of another corporation, was working; that defendant's brakeman saw plaintiff's peril in time to signal the engineer and to stop the train but he negligently failed so to signal; and that from decedent's position and because of the noise of machinery decedent was unable to see or hear the approaching train, because of which decedent was killed, fails to state a cause of action under the rule of "last clear chance."    p. 54.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Joel D. Bray, as administrator of the estate of John Sturdevant, deceased, against the Lake Erie &

Western Railroad Company.    From a judgment on a verdict for plaintiff for $1,000, defendant appeals.    *Reversed.*

*John B. Cockrum* and *Shirts & Fertig,* for appellant.
*Neal & Beals* and *William S. Christian,* for appellee.

MYERS, J.—This was an action by appellee against appellant to recover damages for the death of appellee's decedent, alleged to have been caused by the negligence of appellant. The complaint was in one paragraph, to which a demurrer for want of facts was overruled.    A general denial formed the issue submitted to a jury, resulting in a general verdict in favor of appellee.    With the general verdict the jury returned answers to a number of interrogatories.    Over appellant's motion for judgment on the interrogatories and answers thereto, and its motion for a new trial, judgment was rendered in favor of appellee.

Appellant assigns error on the overruling of its demurrer to the complaint, the overruling of its motion for judgment in its favor on the answers to interrogatories, and the overruling of its motion for a new trial.

The complaint, after alleging a number of preliminary facts, in substance shows that on and prior to August 13, 1903, appellant owned and operated a switch near the south corporate limits of the city of Noblesville, extending thence in a westerly direction about one-fourth of a mile to the manufacturing plant of the American Strawboard Company; that on the ground of said company appellant controlled, used and operated a spur-track, leading from said switch into a building of said company, where straw shipped by freight over appellant's line was by it delivered; that this building was about one hundred fifty feet in length and about thirty or forty feet in width, open at each end to a sufficient width to admit therein freight-cars run on said track, which track was laid near the east wall; that on the west side of said track, and extending the entire length of the building, was a platform five feet high; that the build-

ing, lengthwise, extended north and south, and the spur-track ran in a straight line for a distance of seventy-five feet south of the building, where it curved to the east and connected with said switch; that in said building was machinery used to elevate and carry straw from said platform north to another building; that on said day said machinery was running, and was making a loud noise; that said decedent, then in the employ of said strawboard company and pursuant to that employment, was in said building cleaning up the loose straw that had fallen on said spur-track and at the side of said platform; that, while he was so engaged, appellant by its employes, servants and trainmen negligently and carelessly backed its locomotive engine, in charge of its engineer and fireman, and a cut of six box-cars, over said side-track onto said spur-track, and thence into said building; that before entering therein appellant, in charge of said locomotive and cars, carelessly and negligently failed and omitted to give any sound or warning, signal or notice whatsoever, by ringing the bell or blowing the whistle on said locomotive, of the approach of said locomotive and cars; that, on account of the curve of said spur-track, decedent, from the point where he was working, could not see said locomotive and cars approaching until they had arrived very close to him; that at the time he was busily engaged at his work, and did not see said cars, and because of the noise made by said machinery he could not and did not hear the noise made as said cars approached and entered said building, and did not know of their approach until the same "were very near to him," when he "made an instant effort to get out of his present and imminent danger into a place of safety"; that before he had time to escape said cars had reached a point whereby he was between the same and the platform; that two of the cars passed without doing him any injury, but the third, being wider, caught and mortally wounded him; that a brakeman in the employ of

appellant was on top of the first approaching car, and, when at a distance of one hundred or more feet away, saw said decedent in the building at said work, and knew that he was not aware of the approach of the car; that said brakeman called to decedent and observed that he did not hear; that said cars at the time were moving slowly, and could easily and readily have been stopped before reaching decedent, but said brakeman carelessly and negligently failed to signal or otherwise to notify said engineer to stop said locomotive and cars, and appellant negligently and carelessly failed to stop said cars, but continued backing the same onto and against the appellant, killing him; ''that each and all of said acts of negligence proximately caused the injuries and death of said deceased, as herein alleged.''

In support of the first error it is claimed that the complaint failed to show that appellant negligently performed or negligently failed to perform any legal duty owing to the decedent.

It is clear from the reading of this complaint that appellant, represented by the engineer in charge of the locomotive and cars, and appellee's decedent were, immediately prior to the accident, engaged in doing their respective work in the furtherance of the business carried on by the strawboard company. Each was at a place where he in turn had a right to be. Neither was subject to the orders of the other. Each was acting independently of the other. The decedent was not employed by or connected with the business of appellant. In the absence of a showing to the contrary we may assume, in considering the pleading, that the decedent prior to and at the time of the accident was fully acquainted with all the surroundings and existing conditions, except the immediate approach of the cars; that he was possessed of all his senses, and that, had he looked, he could have seen the cars approaching in time to escape injury. As an excuse for not looking it is

said that he was busily engaged at his work, and that he did not hear the cars approaching because of the noise made by the machinery in the building.

It was alleged that appellant negligently backed its locomotive and cars over the switch, spur-track and into the building, and negligently failed to give any warning or notice, by ringing the bell or blowing the whistle on the locomotive, before entering the building; that the brakeman, when at a distance of one hundred or more feet from the decedent, and knowing that decedent was not aware of the approach of the cars, which were at the time moving slowly, negligently failed to signal or otherwise to notify the engineer in charge of the locomotive to stop, and that appellant negligently failed to stop the cars in time to avoid injuring decedent.

In pleading negligence it is sufficient as against a demurrer for want of facts to characterize the act which caused the injury as having been negligently done.  *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 46 L. R. A. 33.  But it is also necessary directly and plainly to allege facts showing a legal duty owing by the alleged wrongdoer to the party injured.  *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Chicago, etc., R. Co.* v. *McCandish* (1907), 167 Ind. 648; *Lake Erie, etc., R. Co.* v. *Gaughan* (1900), 26 Ind. App. 1; *St. Joseph Ice Co.* v. *Bertch* (1904), 33 Ind. App. 491. The violation of that duty is the act which, as we have said, may be characterized as negligently performed or as negligently omitted.  *Van Camp, etc., Iron Co.* v. *O'Brien* (1902), 28 Ind. App. 152; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574.

In the case before us the speed of the cars was characterized as "moving slowly" as they approached the building, and for a distance of one hundred or more feet before reaching the point where decedent was at work. There is no claim that appellant was not rightly upon

the track, or was using it for any other purpose than that for which it was constructed, or in any other than the usual and ordinary way. It does not appear that appellant's use of the track was at an unusual time in the day, or in violation of any rule or agreement of the strawboard company regarding its use, which appellant should have known would be calculated to throw decedent "off his guard" by the assumption that the rule would be observed. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247. The pleaded facts do not show the violation by appellant of any custom in the handling of the locomotive and cars on the spur-track as the cause of the accident. No facts are alleged from which it can be said as a matter of law that the handling of the locomotive and cars as stated would likely be attended with that danger and fatal consequence which should have been foreseen or anticipated by a reasonably careful and prudent person, and, under the circumstances of the situation, guarded against by stopping the cars or ringing the bell or blowing the whistle.

The showing that decedent was on the track one hundred or more feet distant from a slowly approaching train, although apparent to the brakeman on the front car that at that time he did not observe it, and nothing appearing to indicate that he was not free to act, and easily within reach of a place of safety, or that appellant knew the machinery in the building was running and making a noise likely to prevent decedent, engaged as he was, from hearing or seeing the train, or other facts which would lead an ordinarily prudent person to believe that he would not see or hear the train in time to avoid a collision, and the absence of facts showing that the brakeman by signals to the engineer could have stopped the train, does not state a cause of action against appellant by reason of the alleged negligence of the brakeman. *Lake Erie, etc., R. Co.* v. *Brafford* (1896), 15 Ind. App. 655; *Pennsylvania Co.* v. *Myers* (1894), 136 Ind. 242; *Louisville, etc., R. Co.* v. *Cronbach* (1875), 12 Ind.

App. 666; *Pittsburgh, etc., R. Co.* v. *Judd* (1894), 10 Ind. App. 213.

It does appear from the complaint that decedent saw the train before it reached him and undertook to climb upon the platform, and, failing in this, took a position be-

5. tween the platform and track and was injured by coming in contact with the third car, but the facts are not sufficient to bring the case within the doctrine of the last clear chance, for it is not shown that appellant was aware of decedent's danger in time to stop the cars and avoid the injury. *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169.

For the reasons stated the complaint is insufficient. Judgment reversed, with instructions to sustain the demurrer to the complaint.

Roby, J., absent.