644    APPELLATE COURT OF INDIANA,

Tippecanoe Loan, etc., Co. *v.* Cleveland, etc., R. Co.—57 Ind. App. 644.

## TIPPECANOE LOAN AND TRUST COMPANY, ADMINISTRATOR *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 8,075.    Filed April 8, 1914.    Rehearing denied November 18, 1914.    Transfer denied January 20, 1915.]

1. MASTER AND SERVANT.—*Railroads.—Injuries to Servant.—Liability.—Negligence of Surgeon Employed by Master.*—A railroad company is not liable for damages resulting to one of its injured employes through the negligence of a surgeon called by the company. p. 648.

2. MASTER AND SERVANT.—*Railroads.—Injuries to Servant.—Aggravation of Injury.—Masterial Duty.*—Where a railroad employe is injured in his employment so as to be incapable of caring for himself, the company is bound to take such steps as are reasonably necessary and proper under the circumstances to prevent aggravation of the injury through exposure, or the lack of medical or surgical assistance, and the failure of the company's servants in this respect imposes upon it a legal responsibility for the consequences p. 649.

3. MASTER AND SERVANT.—*Railroads.—Injuries to Servant.—Care of Injured.*—Where the servants of a railroad company take into their custody another of the company's employes who has been injured in his employment so as to be incapable of caring for himself, they must exercise reasonable care in the treatment accorded him, and such care, under circumstances rendering medical or surgical aid imperative, would require the removal of the injured person to a place of safety and the providing of medical or surgical aid. p. 649.

4. MASTER AND SERVANT.—*Railroads.—Injuries to Servant.—Negligence in Caring for Servant.—Complaint.*—In an action against a railroad company for the death of an employe, a complaint charging that decedent was struck by defendant's train and rendered unconscious but that the injuries, though such as to require the immediate aid of a surgeon, were not necessarily fatal, and that the accident occurred on a cold day at a point two miles distant from a city where proper aid could have been had, sufficiently disclosed a duty to remove the injured employe to a place where proper care could be given, and to procure surgical aid. p. 651.

5. MASTER AND SERVANT.—*Railroads.—Injuries to Servant.—Negligence in Caring for Servant.—Complaint.*—The averments in a complaint for the death of a railroad employe from negligence in not properly caring for him immediately following an in-

jury, charging that he was negligently placed in a car that was cold and that no cover was provided, by reason of which he became chilled and his vitality was reduced, and that defendant's agents negligently failed to bandage the wound or to adopt any means to stop the flow of blood, whereby his physical strength was reduced and his power to resist blood poisoning greatly impaired, were allegations of the ultimate fact of defendant's negligence, and were sufficient to admit proof of every evidentiary fact necessary to show that defendant's servants did not use due care in view of all the circumstances.  p. 651.

6. MASTER AND SERVANT.—*Railroads.—Injuries to Servant.—Complaint.—Negligence in Caring for Servant.—Jury Question.*—In an action for the death of a railroad employe from negligence in failing to render proper care following an injury, an allegation of the complaint that defendant's agents after placing the injured man in a car were negligent in not backing the train to a city two miles away and placing him in a hospital there instead of carrying him on to a small station, was sufficient to authorize proof of facts showing the practicability of backing the train so as to have obtained earlier care and medical aid, and on the making of such proof the question of whether ordinary care required such course was properly for the jury. p. 652.

7. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.* — In an action for the death of a railroad employe, grounded on several alleged acts of negligence in failing to properly care for such employe following an injury, a general verdict for plaintiff found that defendant was guilty of the negligence charged and that it was the proximate cause of the injury sued for, so that the jury's answers to interrogatories could not control the verdict unless they met and negatived every act of negligence charged beyond the possibility of reconciliation with such verdict, and the finding thereby that the treatment of decedent was consistent with due care was not sufficient.  p. 653.

8. TRIAL.—*Verdict.—Answers to Interrogatories.—Duty of Court.* —It is the duty of a trial court to reconcile the answers to interrogatories with the general verdict if it can be done by the consideration of any evidence admissible within the issues, regardless of the fact that no such evidence may have been in fact introduced.  p. 654.

9. TRIAL.—*Verdict.—Answers to Interrogatories.*—In passing on a motion for judgment on the answers to interrogatories the trial court can look only to the general verdict, the answers to interrogatories and the issues formed by the pleadings.  p. 654.

10. TRIAL.—*Insufficient Evidence.—New Trial.*—Where the evidence is insufficient to sustain the verdict, the defect can be reached only by a motion for new trial.  p. 654.

# 646    APPELLATE COURT OF INDIANA,

11. NEGLIGENCE.—*Actionable Negligence.—Elements.*—To constitute actionable negligence, there must have been a duty owing by defendant to exercise care in favor of plaintiff, and a failure to discharge such duty proximately causing some injury or damage to plaintiff. p. 656.

12. NEGLIGENCE.—*Action. — Complaint. — Failure to Show Duty Owing Plaintiff.*—The failure of a complaint to state facts showing that defendant owed a duty to exercise care in favor of plaintiff is not cured by an allegation that defendant negligently did, or failed to do, some act which caused injury to plaintiff. p. 656.

13. NEGLIGENCE.—*Duty to Use Care.—Averments of Complaint.—Sufficiency.*—The duty to use care, which is an essential element of actionable negligence, arises as a matter of law out of some relation existing between the parties; hence if a given relation is shown by the facts pleaded the court can say as a matter of law whether defendant owed such duty to plaintiff, and if such facts show a relation from which the duty arises, the complaint is sufficient as to the requirement to state a duty. p. 656.

14. NEGLIGENCE.—*Want of Ordinary Care. — Averments. — Sufficiency.*—The general averment that an act was negligently done or negligently omitted implies that defendant failed to exercise ordinary care and is a sufficient charge of such failure. p. 656.

15. NEGLIGENCE.—*Duty to Use Care.—Requirements of Ordinary Care.*—A distinction exists between the duty to exercise care and the requirements of ordinary care in the performance of such duty, in that the duty arises as a matter of law from the relation of the parties, while the determination of whether ordinary care was used is a question of fact arising from the conditions and circumstances of the event. p. 657.

16. NEGLIGENCE.—*Pleading.—Complaint.— Necessity of Averring Facts Showing Want of Ordinary Care.*—While the facts stated in a complaint for negligence must show a duty owing by defendant, the existence of such a duty requires in its proper discharge the performance of every act and the observance of every precaution that ordinary prudence would dictate; hence the plaintiff is not required to state facts from which the court can say as a matter of law that defendant owed the duty to do the particular act omitted, or to omit the particular act done; that is, he need not aver specific facts relied upon as constituting a lack of ordinary care. p. 658.

17. APPEAL.—*Review. — Disposition of Cause. —* Where judgment was rendered for defendant on the jury's answers to interrogatories notwithstanding the general verdict for plaintiff, the court on appeal in reversing the judgment will not order judgment entered on the general verdict, but will direct a new trial,

since it can not know that the general verdict is just, or that the trial court would not have set it aside if a motion for new trial could have been presented. p. 660.

From Tippecanoe Circuit Court; *Henry H. Vinton,* Judge.

Action by the Tippecanoe Loan and Trust Company, administrator of the estate of George ᐧArbegust, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Wilson & Quinn* and *Thompson & Adams,* for appellant.
*L. J. Hackney, F. L. Littleton* and *Stuart, Hammond & Simms,* for appellee.

LAIRY, C. J.—This action was brought to recover damages resulting from the death of George Arbegust. The facts disclosed by the record show that he received an injury while in the employ of appellee railway company as a section hand. On the morning of January 18, 1909, a passenger train operated by appellee was running in a southeasterly direction on its lines between the city of Lafayette and the city of Indianapolis. At a place a few miles southeast of Lafayette this train collided with a handcar which George Arbegust and another workman were at the time attempting to remove from the track, and as a result George Arbegust was injured. His leg was broken and severely cut, and he was rendered unconscious and incapable of taking care of himself. After the injury the trainmen took charge of Arbegust and placed him in the baggage car of the train and carried him to Colfax where a physician was called to dress his wounds, after which he was returned, on the afternoon of the same day, to Lafayette and placed in St. Elizabeth's Hospital, and the physician employed by appellee called to attend him. After he was placed in the hospital blood poisoning developed and it became necessary to amputate his leg. The leg was amputated but he continued to

suffer from the effects of blood poisoning until he died from that cause on August 9, 1909.

The case went to trial on a single paragraph of complaint to which a general denial was filed. A general verdict was returned in favor of appellant and with this verdict the jury returned answers to a large number of interrogatories. The court on motion of appellee rendered judgment in its favor on the answers to interrogatories notwithstanding the general verdict, and overruled the motion of appellant for a judgment in its favor on the general verdict. These rulings are assigned as error by appellant while appellee assigns as cross error that the court erred in, overruling its demurrer to the complaint.

The complaint does not proceed upon the theory that appellee was guilty of any negligence in causing the original injury to Arbegust, but the gravamen of the action is the negligence of appellee, after the decedent's injury, and after appellee's servants had taken the injured and unconscious man in charge, in failing to procure medical and surgical aid for him with reasonable dispatch or to place him in a hospital where such aid could be furnished. There are some averments in the complaint to the effect that the company's physician at Colfax, who was the first to treat the injured man, was negligent in failing to disinfect the wound, and to remove the gravel, sand, cinders and other foreign substances from the wound, and that as a result blood poisoning ensued which resulted finally in death. It is well

1. settled in this State that a railway company can not be held liable for damages resulting to one of its injured employes as the result of the negligence of a surgeon called by the company to render surgical aid to such employe. *Pittsburgh, etc., R. Co.* v. *Sullivan* (1895), 141 Ind. 83, 40 N. E. 138, 50 Am. St. 313, 27 L. R. A. 840, and cases there cited. This complaint does not aver that the appellee or its agents were negligent in selecting and employing an unskilled or incompetent surgeon, as the appellee can not

be held liable for the negligence or unskilfulness of the surgeon which it called, no recovery can be based upon the alleged negligence of the surgeon. As before stated the question of the sufficiency of the complaint depenas entirely upon the facts alleged to show negligence on the part of the trainmen of appellee after they had taken the injured man into their custody.

If an employe of a railroad company is injured as a result of hazards to which his employment exposes him, and, if his injuries are of such a nature as to render him incapable of caring for himself, it becomes the duty of the company to take such steps as are reasonably necessary and proper under the circumstances to prevent an aggravation of the injury through exposure, or for want of medical or surgical assistance. Under such circumstances, if the servants of the company knowingly leave such injured person to die of exposure or to bleed to death from his wounds, a legal responsibility for such consequences will be imposed upon the company; and, if they take him into their custody, they must exercise reasonable care in the treatment accorded him. Under such circumstances the common instincts of humanity require that the helpless injured person should be taken in charge and removed to a place of safety and that, if necessary, medical or surgical aid should be provided. This duty has been recognized by the Supreme Court of this State as one which arises in extraordinary cases where medical or surgical assistance is imperatively required to save life, or to prevent further serious bodily injury. It is said that the duty arises with the emergency, and with it expires. *Ohio, etc., R. Co.* v. *Early* (1895), 141 Ind. 73, 40 N. E. 257, 28 L. R. A. 546; *Terre Haute, etc., R. Co.* v. *McMurray* (1885), 98 Ind. 358, 49 Am. Rep. 752.

In some jurisdictions the doctrine has been extended much further than we are required to go in deciding this case. It has been held to apply to cases where one party has been

so injured as to render him helpless by an instrumentality under the control of another, even though no relation of master and servant, or carrier and passenger existed at the time. It has been said that the mere happening of an accident of this kind creates a relation which gives rise to a legal duty to render such aid to the injured party as may be reasonably necessary to save his life, or to prevent a serious aggravation of his injuries, and that this subsequent duty does not depend upon the negligence of the one party, or the freedom of the other party from contributory negligence, but that it exists irrespective of any legal responsibility for the original injury. *Northern Central R. Co.* v. *State* (1868), 29 Md. 420, 96 Am. Dec. 545; *Whitesides* v. *Southern R. Co.* (1901), 128 N. C. 229, 38 S. E. 878; *Dyche* v. *Vicksburg, etc., R. Co.* (1901), 79 Miss. 361, 30 South. 711; *Depul* v. *Flatau* (1907), 100 Minn. 299, 111 N. W. 1, 8 L. R. A. (N. S.) 485; *Terre Haute, etc., R. Co.* v. *McMurray* (1885), 98 Ind. 358, 49 Am. Rep. 752; *Atchison, etc., R. Co.* v. *Weber* (1885), 33 Kan. 543, 6 Pac. 877, 52 Am. Rep. 543; Beach, Contrib. Neg. §215; 2 Thompson, Negligence §1744. In other jurisdictions the courts refuse to recognize any legal duty on the part of a railroad company to care for an injured trespasser, holding that the company is under no legal responsibility to such a person, and that if the employes of such a company undertake to render such a service to such a person, they engage in the discharge of a humane and moral duty which is beyond the scope of their employment, and that the company can not be charged with negligence on account of their failure to discharge such duty or by reason of the manner in which it is performed. *Riley* v. *Gulf, etc., R. Co.* (1913), 160 S. W. (Tex. Civ. App.) 595; *Griswold* v. *Boston, etc., R. Co.* (1903), 183 Mass. 434, 67 N. E. 354.

In this case we are not required to go to the extent indicated by the cases holding to the more liberal doctrine, and we are not required to disapprove the stricter rule en-

forced in Massachusetts and Texas. We are content to limit our decision to the facts of this case and to base our ruling squarely on the decisions heretofore cited from the Supreme Court of this State. The allegations of the

4. complaint show that after the accident Arbegust was unconscious, that his injuries were of a serious nature but not necessarily fatal, and that he was in such a condition as to require the immediate aid of a surgeon. The complaint further shows that the accident occurred on a very cold day at a point on appellee's tracks about two miles from Lafayette, Indiana. The facts thus stated are sufficient to show that appellee owed the duty of removing the injured man to a place where he could be cared for, and of calling surgical aid. According to the averments

5. of the complaint appellee undertook to perform this duty. The complaint charges that appellee failed to use reasonable care in the discharge of this duty in several particulars. In the first place it is alleged that while he was being carried from the place of the accident to Colfax, the injured man was negligently placed in a car which was cold and that no proper covering was provided, and that as a result he became chilled and his vitality reduced, and that the servants of appellee negligently failed and neglected to bandage the wound or to adopt any means to stop the flow of blood and that, as a consequence, the injured man lost a large quantity of blood before he received surgical aid, by reason of which his physical strength was greatly reduced and his power to resist blood poisoning was greatly impaired. In caring for the injured man after taking him in charge, the servants of appellee were bound to use such care and such care only as a person of ordinary prudence would have exercised in view of the situation and surroundings and of the facilities available, and of the apparent condition of the person injured. On behalf of appellee it is urged that the complaint is defective because it does not allege that appellee had the means of carrying Arbegust in

a heated car and failed to do so, or that covering was available with which he might have been protected from the cold, and that the servants of appellee failed to make use of it for that purpose, or that bandages were at hand with which the flow of blood might have been staunched, and that the servants of appellee possessed the skill to apply them properly and failed to do so. These allegations of the complaint are not defective for the reasons pointed out. They allege the ultimate fact that appellee negligently failed to do certain things, and such a charge is sufficient to admit proof of every evidentiary fact necessary to show that its servants did not use due care, making use of the means available in view of all the circumstances. It may be well said that a local passenger train is not required to carry bed clothing and bandages; but whether such things were in fact available was an evidentiary fact which might have been proved under the general allegations to which we have referred.

The complaint also charges that the servants of appellant were negligent in not backing the train to Lafayette and placing the injured person in a hospital there instead of carrying him to the station of Colfax.

6. This is a general allegation of the ultimate fact and it was sufficient to authorize proof of facts showing that it was practicable and possible to have backed the train to Lafayette so as to have obtained earlier care and medical attendance. If such proof were made it would then be for the jury to say whether ordinary care required such a course of conduct. Similar objections are urged against other parts of the complaint charging other acts of negligence on the part of the servants of appellee in their treatment of the injured man. What has been said will in most part dispose of these objections. The court is satisfied that the complaint states a cause of action. The cross error assigned by appellee can not therefore be sustained.

By the general verdict, the jury found that appellee was

guilty of the negligence charged in the complaint and that such negligence proximately caused the injury and

7. damage for which appellant sues. The court rendered judgment on the answers to interrogatories notwithstanding the general verdict, and appellee seeks to sustain this ruling upon the ground that the facts found by such answers show that appellee was not guilty of any of the acts of negligence charged in the complaint. In order to sustain this contention it would be necessary for this court to hold that the facts so found are of such a character as to require the inference that appellee used due care in respect to every charge of negligence made by the complaint. Before the answers to interrogatories can be held to overcome the general verdict on the ground stated, the facts found must meet and negative every act of negligence charged in the complaint and must leave no opportunity for reconciling such facts with the general verdict by any evidence admissible within the issues.

The answers to the interrogatories are numerous and it would serve no useful purpose to set them out in this opinion. Some of the facts found in reference to the treatment of Arbegust after he was injured are consistent with due care, but this is not enough. The facts so found must be wholly inconsistent with any act of negligence which could have been proved under the allegations of the complaint. The answers to interrogatories show that at the time of the injury to Arbegust, dirt, gravel and other foreign and poisonous substances were imbedded in his wounds and remained present therein and caused blood poisoning of which he later died. Evidence was admissible within the issues to show that the persons in charge of the train knew or by the exercise of reasonable care should have known the condition of the injured man and the danger that threatened him. The evidence may have shown also that exposure to cold and loss of blood would greatly enhance the danger from blood poisoning, and that he could have been placed

654    APPELLATE COURT OF INDIANA,

Tippecanoe Loan, etc., Co. *v.* Cleveland, etc., R. Co.—57 Ind. App. 644.

in a warmer car or that he could have been protected from the cold by wraps or other covering. The evidence may have shown, likewise, that the condition of the injured man, as known to the servants of appellee in charge of the train, was such as to require immediate attention at a well equipped hospital, and facts may have been disclosed from which the jury could rightly infer that it was feasible to have placed him in such a hospital within a reasonable time, that ordinary care dictated such a course, and that the failure to adopt it caused the disease which resulted in death. Such a state of the evidence would reconcile the answers to interrogatories with the general verdict. It is the duty of the trial court as well as of this court to reconcile the answers to interrogatories with the general verdict if it can be done by the consideration of any evidence admissible within the issues. The fact that the trial court may know that no such evidence has been introduced does not change the rule. In passing upon a motion for judgment on the answers to interrogatories the trial court can look only to the general verdict, the answers to interrogatories and the issues formed by the pleadings. It can not consider the evidence. If the evidence is insufficient to sustain the verdict, this defect can be reached only by a motion for a new trial. *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 949. The trial court may have known that no evidence had been introduced at the trial which could reconcile the answers to the interrogatories with the general verdict and this knowledge may have induced the ruling in favor of appellee for judgment in its favor on such answers. However such knowledge could not redeem the ruling from error. The trial court should have overruled the motion for judgment on the answers to the interrogatories notwithstanding the general verdict and then, if it believed that the evidence was not sufficient to sustain the general verdict, it would have been its duty

to grant a new trial if a proper motion based upon such ground had been filed. In this case the ends of justice will be best subserved by granting a new trial. The judgment is therefore reversed with directions to grant a new trial.

## ON PETITION FOR REHEARING.

LAIRY, J.—The original opinion in this case announces the proposition that, in charging the violation of a duty in a negligence case it is sufficient as a matter of pleading, to allege that an act was negligently done or negligently omitted, without stating the conditions under which the act was done or omitted or the circumstances which attended it. The opinion further holds that the conditions and circumstances under which an act was done or omitted may be proved at the trial as evidentiary facts to be considered by the jury in deciding whether ordinary care required the defendant to do the act charged to have been negligently omitted, or to avoid the act alleged to have been negligently done.

In a very able brief for rehearing appellee's counsel forcefully challenge the correctness of the legal propositions just stated. Counsel assert that it is not enough to allege that an act was negligently done or negligently omitted, but that facts must be alleged which show a duty resting upon the defendant to do the particular act alleged to have been negligently omitted or to avoid the particular act alleged to have been negligently performed; and it is contended that, in order to show this duty, the surrounding conditions and existing circumstances must be alleged. A number of authorities are cited and discussed by counsel to sustain this position. *Muncie Pulp Co.* v. *Davis* (1904), 162 Ind. 558, 70 N. E. 875; *Lake Shore, etc., R. Co.* v. *Butts* (1902), 28 Ind. App. 289, 62 N. E. 647; *Lake Erie, etc., R. Co.* v. *Bray* (1908), 42 Ind. App. 48, 84 N. E. 1004; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 76 N. E. 163; *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E.

656    APPELLATE COURT OF INDIANA,

Tippecanoe Loan, etc., Co. v. Cleveland, etc., R. Co.—57 Ind. App. 644.

932; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 97 N. E. 320.

It may be stated as well settled law that three elements are necessary to constitute actionable negligence. (1) The existence of a duty resting on the defendant to exercise care in favor of plaintiff; (2) failure on the part of the defendant to observe such duty; and (3) some injury or damage to the plaintiff resulting proximately from such failure on the part of the defendant. It is equally well settled that where a complaint fails to state facts showing that the defendant owed a duty to exercise care in favor of plaintiff, the omission will not be supplied by an allegation that the defendant negligently did or negligently failed to do some act which caused injury to the plaintiff. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 83 N. E. 632; *Muncie Pulp Co.* v. *Davis, supra; Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 660; *Evansville, etc., R. Co.* v. *Yeager* (1908), 170 Ind. 139, 83 N. E. 742; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 83 N. E. 369, 17 L. R. A. (N. S.) 542, 14 Ann. Cas. 375.

The duty to use care arises, as a matter of law, out of some relation existing between the parties. Where a given relation is shown between the plaintiff and the defendant the court can say as a matter of law whether the defendant owed a duty to the plaintiff to exercise care. If the facts alleged show such a relation between the parties as to impose upon the defendant a legal duty to use care toward plaintiff, the complaint is sufficient in so far as it is required to state a duty. The complaint must then show that the defendant violated this duty by failing to exercise ordinary care. This may be done by alleging that ordinary care required the defendant to do a certain act and that he failed to perform it, or, what amounts to the same thing, that the defendant negligently failed to do such act. An allegation that the defendant

negligently did an act amounts to an allegation that ordinary care required that the act should have been done in a different manner or avoided altogether, and that the defendant failed to use ordinary care in that particular. It has been uniformly held that an allegation that an act was negligently done or negligently omitted is a sufficient charge that the defendant failed to exercise ordinary care. Citation of authorities seems unnecessary, but we call attention to a few of the later cases. *Lake Erie, etc., R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 453; *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569, 71 N. E. 661; *Lake Erie, etc., R. Co.* v. *Bray* (1908), 42 Ind. App. 48, 84 N. E. 1004; *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 53 N. E. 415, 46 L. R. A. 33.

A distinction must be observed between the *duty* to exercise care by one person in favor of another, and the *requirements* of ordinary care in the performance of such duty. The first arises as a matter of law out of the relations existing between the parties, but the second is to be determined as a question of fact from the conditions surrounding and the circumstances attending the transaction. A duty to use care is the basis upon which actionable negligence rests. In the absence of some duty resting upon the party who causes the injury, to use some care in favor of the party who received such injury, there can be no negligence. This duty to use care may be imposed by statute, or may arise as a matter of law out of certain relations between the parties. Where such relations as that of master and servant, bailor and bailee, or carrier and passenger exist, the law recognizes the duty to use care as growing out of such relation. The duty to use care is imposed upon persons using streets and highways in favor of other persons who are likewise using them, and this duty also arises out of the relative rights of the parties. The relations which arise between individuals are so varied that we

658    APPELLATE COURT OF INDIANA,

Tippecanoe Loan, etc., Co. v. Cleveland, etc., R. Co.—57 Ind. App. 644.

can mention only a few for the sake of illustration. When
it appears that a certain relation exists between the parties,
the duty, if any, which such relation creates, is never a ques-
tion of fact. Such duty is always a matter of law, to be
declared by the court. However, when the court has de-
termined that such a relation exists between two parties as
to impose upon one of them the duty to exercise care in
favor of the other, the *quantum* of care which ordinary pru-
dence requires becomes a question of fact. The law defines
the care to be used as "such care as a person of ordinary
prudence would exercise under like circumstances", but,
as a general rule, it can not be said as a matter of law, that
the doing of certain acts named, or the taking of certain
precautions designated constitutes due care, or that the fail-
ure to do such acts or to take such precautions, amounts to
negligence.

The rules of pleading require that the facts stated
should show a duty on behalf of defendant to use care to
protect plaintiff from injury. This is done by the
16. allegation of facts showing a relation from which
such duty arises as a matter of law; but when it
comes to charging that the defendant violated this general
duty by doing some particular act or acts which ordinary
care would forbid, or by omitting some particular acts or
precautions which ordinary care required, an entirely dif-
ferent question is presented. The pleader is not required
to state facts and circumstances with reference to these par-
ticular acts or omissions from which the court can say as a
matter of law, that the defendant owed the duty to do the
particular act omitted, or to omit the particular act done.
The general duty to use care which the law imposes as a con-
sequence of the relation shown, is comprehensive enough to
require the performance of every act and the observance
of every precaution that ordinary prudence would dictate.
If ordinary care requires that a particular act be done, or
that a particular precaution be observed, a failure to do

such act or to observe such precaution is a violation of the general duty to use ordinary care. As to such specific acts or omissions, the question then is, what did ordinary care require under the circumstances, and not, what absolute duty did the law impose under such circumstances. Duty is absolute and can be declared as a matter of law from the existence of a relation shown by the pleading. The acts required by ordinary care in the discharge of such duty are generally relative and depend upon the conditions and circumstances under which such acts are performed or omitted. The performance of such acts is not imposed by law as a matter of absolute duty, but such performance is required as a matter of ordinary care. *Pittsburgh, etc., R. Co.* v. *Collins, supra; Duffy* v. *Howard* (1881), 77 Ind. 182; *Lake Erie, etc., R. Co.* v. *Bray, supra; Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 96 N. E. 321; *Wachs* v. *Gawne* (1901), 8 Ohio N. P. 383; *North* v. *Monterey, etc., Turnpike Co.* (1887), 9 Ky. L. R. 326; *Lucas* v. *Wattles* (1882), 49 Mich. 380, 13 N. W. 782.

If, without alleging that an act was negligently done, the pleader were to attempt to show such fact by stating the conditions under which it was done and by stating all of the circumstances surrounding the transaction, he could seldom succeed in making his complaint sufficient to withstand a demurrer. Unless the conditions and circumstances stated were of such a character that negligence must necessarily be inferred therefrom, and that no other inference could be rightly and reasonably drawn therefrom by any fair and reasonable mind, the court could not say as a matter of law that negligence was shown. On the other hand, if plaintiff alleges that the defendant negligently did an act which produced the injury, this tenders an issue of fact to be tried by the jury. The plaintiff asserts that a person of ordinary prudence would not have done the act or that he would have done it in a different manner, and this the defendant denies. The jury must determine this question of fact from a con-

sideration of all the conditions and circumstances under which the act was performed or omitted as disclosed by the evidence at the trial. The conditions and circumstances under which the act was done constitute the evidentiary, primary facts from which the jury may, or may not infer that a person of ordinary prudence would have done the act, or that he would have performed it in a different manner. It is this ultimate inferential fact which should be stated in the pleading. The evidentiary facts from which the ultimate fact may or may not be inferred need not be pleaded in order to make the complaint sufficient as against a demurrer. It has been held that upon proper motion the court should order that the complaint be made more specific by stating the conditions and circumstances upon which plaintiff relies as constituting negligence. *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564, 45 N. E. 108, and cases there cited.

Not all of the decisions in this State can be reconciled with the propositions of law announced in this opinion, and in some of the opinions language is employed which seems to state a conflicting rule. Wherever any conflict has arisen it is due to a failure on the part of the court to observe the distinction as pointed out in this opinion, between the legal duty to use care which arises out of the relation between the parties, and the requirements of ordinary care in the discharge of the duty so imposed. No good result could be accomplished by reviewing the decisions of the courts of this State on this question. We have carefully considered the question here involved in the light of the former decisions, and we are still of the opinion that the original opinion correctly states the law.

Appellant has filed a motion requesting the court to modify the mandate of the original opinion by directing the trial court to enter a judgment on the verdict of the jury. This motion is denied. The judgment from which the appeal was taken was rendered on the an-

swers to interrogatories notwithstanding the general verdict. After obtaining this judgment in its favor, appellee was in no position to ask for a new trial without waiving the judgment already entered in its favor. No such motion was filed and the trial court was not called upon to review the proceedings upon which the general verdict rests. The evidence may have been insufficient to sustain the verdict or there may have been other substantial errors committed at the trial for which the court would have set the verdict aside if the question had been presented by a motion for a new trial. We have no means of knowing that the verdict is a just one, or that the trial court would have permitted it to stand if the question had been presented. We think that the ends of justice will be best subserved by granting a new trial.

Petition for rehearing overruled.

NOTE.—Reported in 104 N. E. 866; 106 N. E. 739. As to duty of master to servant, see 75 Am. St. 591. As to liability of railroad or steamship company for negligence of company's physician or surgeon, see Ann. Cas. 1912 B 935. As to the liability of a master for the negligence of a physician or surgeon employed at the master's expense to attend servant, see 40 L. R. A. (N. S.) 486.