THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. ELLIS.

[No. 8,662. Filed November 16, 1915. Rehearing denied February 24, 1916.]

1. RAILROADS.—*Injuries to Persons on Premises.—Complaint.—Sufficiency.*—A complaint for injuries to plaintiff by the frightening of his team while unloading freight from a car on defendant's track, alleging facts to show that plaintiff was rightfully unloading defendant's car and therefore rightfully on the premises, and averring that the acts of defendant were carelessly and negligently done,

was sufficient against the objection that it did not show a duty owing by defendant to the plaintiff, and did not show that a depression at the side of the approach to the track, into which plaintiff's wagon was thrown, could have been constructed differently, etc., since, while rightfully on the premises and in going from there to a place of safety, defendant owed plaintiff the duty of exercising such care for his safety and protection from its moving trains as an ordinarily prudent person would exercise under like circumstances, and the averments that the acts of defendant were negligently done amounted to a charge that defendant failed to use due care and also carried with them the idea that there was a way in which such acts could have been carefully done.  p. 176.

2.  APPEAL.—*Review.—Harmless Error.—Instructions.*—Instructions given, and objected to, on the ground that they were not applicable to the evidence under the issues, afforded appellant no reason to complain, where it appeared they required more from appellee than was necessary to support his case, and were more favorable to appellant than it was entitled to.  p. 177.

3.  RAILROADS.—*Injuries to Persons on Premises.—Frightening Team.—Duty of Defendant.—Instructions.*—In an action for injuries to plaintiff by the operation of defendant's train so as to frighten plaintiff's team while he was unloading freight from a car, an instruction on the duty owing plaintiff while rightfully on the premises which in effect told the jury that if plaintiff was free from contributory negligence defendant was liable in damages if it ran its train so as to scare his horses, was erroneous in that it imposed liability regardless of the degree of care exercised in running the train.  p. 177.

From Jay Circuit Court; *Charles E. Sturgis*, Special Judge.

Action by William E. Ellis against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross*, for appellant.

*John F. Lafollette* and *Emerson McGriff*, for appellee.

IBACH, P. J.—This appeal is from a judgment for $2,000 rendered in favor of appellee upon the verdict of the jury. The following are the facts of the case, the essentials of which are admitted by appellant: At Redkey appellant has a track con-

necting its main tracks with the tracks of the Lake Erie and Western Railroad. This Y track crosses Union Street in said town practically at right angles, that is, Union Street runs north and south through the town and the Y at the point where it crosses Union Street runs in an east and west direction. To the west of this street is Noble Street, the north end of which terminates at the right of way of appellant. From Union Street westward for a short distance toward Noble Street, appellant had built a driveway along the south rail of the Y to accommodate its patrons in loading and unloading cars, which were frequently located at that point on the Y track for that purpose. Appellant had raised the grade of its roadbed through Redkey and had constructed approaches to the crossing where its road crossed Union Street, and had also constructed an approach from the driveway to connect with this street, but in so doing it had left a depression or low place from two to three feet deep along the south line of the driveway. On September 22, 1911, appellee had delivered to the agent of a canning factory a wagonload of tomatoes at another point along appellant's tracks to be shipped to Marion, Indiana. When he had unloaded his wagon he inquired of such agent where he could get some empty crates, and was informed by him that appellant had set a car of empty crates along the driveway above described, to be delivered to its customers and he could obtain from this car all the crates he desired. The car was stationed from ten to twenty feet west of Union Street along such driveway and from the point where the car was placed to Union Street such driveway was ten feet wide, that is there was a distance of ten feet between appellant's tracks and the depression or low place along the south side of such driveway. Appellee

drove his team and wagon to the car and was about to place the last crate on his wagon to complete his load when appellant's brakeman ordered him to get out of the car, that it was about to be moved away. He seized his lines to drive out from between the car and the depression on the driveway, but before he could drive away from the car appellant backed a train on the Y track without any further warning. The train was backing from the east and appellee was compelled to drive east to get away from the car and backing train, and while so doing his wagon was run against and thrown into the drop or depression and he was thrown out of the wagon to the ground and his wagon ran over him seriously injuring him.

In each paragraph of the complaint the negligence charged against appellant is characterized in this manner: "In the construction of the approach to its said road from the south along Union Street and where defendant's track crossed Union Street * * * had negligently and carelessly built such approach from the south so that there was a drop or depression from two to three feet deep at the point where said approach from the southward on Union Street connected with and intersected the approach from the westward and was maintaining negligently and carelessly said approach on said day at the time of the plaintiff's injury. * * * Also defendant had negligently and carelessly placed and set said car on said Y at a point where the east end of said car stood about ten feet west to the west line of Union Street. * * * That defendant negligently and carelessly ran its locomotive engine and cars upon and along said Y toward plaintiff and his team of horses without any signal or warning of any kind or without any person on the end of the train and negligently and carelessly continued to run said locomotive engine and cars toward plaintiff and his

team while he was in said position and by reason of such negligence and carelessness on the part of defendant, its agents and employes, plaintiff's horses were frightened and scared," etc. The complaint is very long, but we have set out the material averments of each paragraph.

It is first contended by appellant that neither paragraph contains any facts showing a duty owing by it to appellee, nothing to show how the approaches could have been constructed differently or how it could have been constructed so as to avoid the drop or depression in the driveway. There is a sufficient showing that appellee was rightfully unloading appellant's car and was, therefore, rightfully on the premises of appellant, and while there and in going from that place to a place where he would not be in danger of coming in contact with a moving train, appellant owed appellee the duty of exercising such care for his safety and protection from its moving trains, as an ordinarily prudent person would exercise under like circumstances. The averments also that the acts of appellant were carelessly and negligently done, were sufficient. Such averments themselves carry with them the idea that there was a way in which such acts could have been carefully done and such allegation amounts to a charge that the defendant failed to use due care. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739. The averments of the complaint sufficiently show a duty resting upon appellant to exercise care toward appellee, and a failure to perform such duty and injury resulting from such failure. Applying to the facts of the case these principles of law, we are satisfied that the separate demurrers to each paragraph of the complaint were properly overruled.

There is evidence in the record supporting all the facts above enumerated. It is contended, however, by appellant that the charge is that appellant negligently backed its train into the car in question while appellee was engaged in unloading the car, but there was no evidence to support such charge and therefore the instructions of the court given upon that theory were not applicable to the evidence under the issues. If so, appellant has no reason to complain, because they required more from appellee than was necessary to support his case, and were therefore more favorable to appellant than it was entitled to.

As to instruction No. 4 given by the court of its own motion, the position of appellant must be supported. This instruction informs the jury that if appellee was in a place where he had a right to be, then it was the duty of appellant to use reasonable care to protect him from injury, and if it finds that while appellee was in a place where he had a right to be, unloading tomato crates from a car on the Y track to his wagon which he had driven alongside the track, and that appellant knowing of appellee's position and knowing that appellee's position was dangerous ran its engine and cars toward appellee, and scared and frightened his horses, causing them to run away and injure him, without appellee being guilty of contributory negligence, then it should find for appellee. The effect of this instruction was that if appellee was free from contributory negligence, appellant was liable in damages if it ran its engine so as to scare his horses, regardless of the degree of care it was exercising in the running of the engine. This was error and we must presume that it worked harm to appellant. For the giving of this instruction the judgment is

VOL. 61—12

reversed, and the cause remanded for new trial. Moran, J., did not participate.

NOTE.—Reported in 110 N. E. 228. As to the distinction between licensee and invitee, see Ann. Cas. 1913 C 569. As to liability of railroad company for injury resulting from act of shipper or consignee in setting car in motion, see 51 L. R. A. (N. S.) 888. As to liability of a railroad company for personal injury caused by frightening horses by train or cars, see 3 Ann. Cas. 1070; 10 Ann. Cas. 302; Ann. Cas. 1913 B 293. As to persons loading or unloading cars as licensees, see 1 Ann. Cas. 601; 12 Ann. Cas. 119. See, also, under (1) 33 Cyc 865; (2) 4 C. J. 918; 38 Cyc 1809; (3) 33 Cyc 910.