SHUTTLEWORTH v. CROWN CAN CO.
No. 9334.

Circuit Court of Appeals, Seventh Circuit.
Jan. 28, 1948.

See also 7 Cir., 164 F.2d 23.

H. K. Bachelder, Wm. C. Bachelder and Eugene Fife, Jr., all of Indianapolis, Ind., for appellant.

James R. Newkirk and William G. Keane, both of Fort Wayne, Ind., Hershey, Donaldson, Williams & Stanley, of Baltimore, Md., and Newkirk & Keane, of Fort Wayne, Ind., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued defendant to recover damages claimed to have been sustained as the result of defendant's negligence in furnishing plaintiff with a closing machine unfit for the purpose of closing cans after the cans had been filled with tomatoes and in negligently furnishing incompetent mechanics to service the machine. Defendant filed an answer denying negligence in furnishing the machine and denying that its service men were incompetent. Defendant also filed a counterclaim for cans sold and delivered to plaintiff. There is no dispute as to the counterclaim. The case was tried by the court without a jury. The court entered a judgment disallowing plaintiff's claim for damages and allowing defendant $1,702.08 for the cans. To reverse this judgment, plaintiff has appealed.

Plaintiff based his right to recover upon a theory of negligence. In such an action the burden is on the plaintiff to prove not only that the injury to his property was caused by the negligence of the defendant, but that no negligence of his own contributed to the injury, and the first requisite in establishing negligence is to show the existence of some duty and its violation. Back of every instance of negligence must be found a duty to the individual complaining, an observance of which would have avoided the injury. To state the principle in other language, in every case involving actionable negligence there must exist three essential elements: first, the existence of a duty on the part of the person charged to protect the complaining party from the injury received; second, a failure to perform that duty; and third, an injury resulting from such failure. When these elements concur they unitedly constitute actionable negligence, and the absence of any of these elements renders the evidence insufficient. Muncie Pulp Co. v. Davis, 162 Ind. 558, 70 N.E. 875.

Plaintiff is engaged in the business of canning tomatoes and tomato products at Warren, Indiana. Each spring he enters into contracts with farmers who agree to grow tomatoes which he agrees to purchase, the tomatoes to be delivered to him as soon as they are ripe, beginning the middle of August and continuing until the last of October.

Defendant is engaged in the business of manufacturing cans and leasing closing machines. The purpose of the closing machines is to place the lid or upper end of the can on the can and seal it with a hermetic seal after the can is filled with tomatoes or tomato juice. On December 16, 1939, plaintiff entered into a written con-

tract with defendant, for a period of five years, to purchase from defendant all the cans to be used by plaintiff, and on December 16, 1939, he leased from defendant certain described equipment to be used for closing the cans. Among the equipment was an Angelus and a Cameron closing machine. The lease provided that plaintiff was to keep these machines in good repair at his own expense and that defendant should not be liable for any damage to plaintiff's property that might be caused by reason of the use of, or by reason of any defects in the machines.

In his plant or canning factory plaintiff had two lines of machinery. One was for canning whole tomatoes which were peeled and placed in the can by hand, and the other was for canning tomato juice. This operation was done automatically. It was the Cameron machine at the end of the juice line that is the basis of this action.

When the factory was operating at capacity it received through these lines about ten tons of tomatoes per hour. Because of the peeling and packing by hand, the tomato line could handle only two tons per hour and the juice line was depended upon to handle the remaining eight tons. During the 1940 season plaintiff had two Cameron machines and two Angelus machines. He used one Cameron and one Angelus for canning tomatoes and the other Cameron and the other Angelus were used intermittently for closing cans of juice. During this season the machines did a very good job. The capacity of plaintiff's plant during his 1941 canning season was the same as it was during the 1940 season.

In July, 1941, after the Cameron machine had been overhauled by defendant, it was brought to plaintiff's factory and there stored. During the 1941 packing season defendant voluntarily made available to plaintiff the services of its service men to assist plaintiff in adjusting and repairing the machine, and on September 8 the Cameron machine was installed or placed in line by defendant's service men. After it had been operated for two days a gear broke. The factory was closed for one day and a new gear was installed. On behalf of the plain-

tiff there was testimony that thereafter up to October 7 plaintiff encountered more or less trouble in the operation of the machine.

On behalf of defendant the evidence tended to show that plaintiff's machine operator was incompetent; that the cause of all the trouble was the fact that plaintiff's operator, at various times, had placed the lids or the upper ends of the cans upside down, which jammed the machine and spread the guide rails; that on September 17 plaintiff broke the base plate of the machine by prying on it with a crowbar; that plaintiff had trouble with cans jamming in the exhaust box and at the filler; that a fibre gear in the machine was broken while one of plaintiff's employees was washing it; and that plaintiff failed to keep the machine clean, greased and oiled.

The trial judge filed an opinion and made findings of fact and conclusions of law. The opinion presented the issues in the case. It contained a fair statement of the evidence and the grounds of decision, and reflected careful consideration of the contentions of the parties. In the opinion the court stated that the case was based on negligence and not on breach of contract; that there were no issues of the breach of either an implied or expressed warranty that the machine was fit for the particular purpose for which it was leased; and that the question was whether defendant exercised due care in furnishing a machine that was in good repair and whether defendant's repairmen failed to exercise due care in attempting to keep the machine in good repair.

■■■ True, the lease entered into by the parties provided that defendant should not be liable for any damage to plaintiff's property that might be caused by the use of, or by reason of any defects in the machine, nevertheless, it owed plaintiff the duty of exercising due care in furnishing the machine, Flint & Walling Mfg. Co. v. Beckett, 167 Ind. 491, 79 N.E. 503, 12 L.R.A.,N.S., 924, and while under the lease there was no duty resting upon defendant to repair the machine, yet, when defendant voluntarily made available the services of its service men who entered upon the work of adjust-

ing and repairing the machine, it assumed the duty to use reasonable care in the making of the repairs and in seeing to it that the repairs were not negligently made. Robertson Music House v. William H. Armstrong Co., 90 Ind.App. 413, 163, N.E. 839. In this state of the record the question whether defendant negligently furnished a closing machine unfit for the purpose of closing cans and was negligent in undertaking to service and repair the machine with service men whom it knew, or with reasonable diligence should have known, were incompetent to perform such service, is a question of fact.

A study of the record discloses a sharp conflict in the evidence, making it most difficult for a reviewing court who has not seen the witnesses to ascertain where the truth lies. In such a situation, we are not permitted to weigh the testimony, but must give defendant the benefit of all the facts that the evidence tends to prove and these facts must be taken as true, unless clearly wrong.

In his findings of fact the court found that before the Cameron closing machine was delivered to plaintiff's factory, it had been cleaned, checked and tested and was then free from any apparent or detectable defects, and that defendant had exercised due care in the furnishing of the machine. He also found that defendant's service man Riley had been servicing and maintaining canning equipment since 1932 and had been a supervisor for defendant since 1937; that Riley and one McWhirter, the other service man, were competent and possessed the mechanical skill, knowledge and ability to do the work assigned to them; and that defendant had exercised due care in the servicing of the machine, and concluded as a matter of law that defendant had not been negligent in furnishing the machine or in the making of any adjustment or repairs.

We think the questions of law were correctly decided, and since we cannot say that the findings of fact are clearly erroneous, the judgment of the District Court must be affirmed. It is so ordered.